*WESTERN DIS September, 1833.*

*DENAULE vs. NUNEZ.*

*If the sale of paraphernal property be made on a credit, the wife's right of mortgage attaches only from the date of the receipt of the money, and for the amount received.*

---

## DENAULE vs. NUNEZ.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF LA FAYETTE.

A curator ought to render his account before the court without being called on by the heirs, but his omission to do this does not deprive him of the right, when an account is provoked by the heirs, to demand credit for a sum which he is entitled to retain, although he has not claimed it in the course of his administration.

On a question as to a debt claimed by the curator against the estate which he administers, founded on a receipt of the intestate given to their party for an amount equal to that claimed for the curator's account; *held* that the decision of the judge of the domicil of the parties, who was acquainted with them, their character, circumstances, &c., must have great weight.

The lapse of a number of years though less than is sufficient for prescription may afford a presumption of the payment of a debt, which if supported by others may amount to full proof.

The plaintiff brought this action in his own behalf as heir and as the attorney in fact of the other heirs of the late Jean Denaule, against the curator of his succession, praying that the said heirs be recognised by the court and put in possession of their said ancestor's succession ; and that the defendant render a strict account of his administration.

The curator denied the alleged heirship, and averred his willingness to account and pay whatever might be due to the persons entitled to it.

The heirship of the plaintiff and his co-heirs was established and the curator rendered his account. In it was included a debt of $657 88, alleged to be due to the defendant for this sum collected on his account of one Dimitry, by the deceased. The only evidence produced in support of this item, was the receipt of the deceased to Dimitry, acknowledging that he received this sum for the account of Joseph Nunez. This receipt is dated at New-Orleans 18th July, 1820. The account also contained damages against the estate of $202 for magistrate's fees, in upwards of forty little suits, all upon accounts, found among the papers of the deceased in favor of the succession, instituted upon the advice of the attorney for the absent heirs, and all decided against the succession.

The plaintiff opposed the homologation of the account and moved to amend it by striking out these items. The opposition to the first item only was sustained, and the account was with that amendment homologated.

The defendant appealed. In his answer, the plaintiff prays to have the charge for magistrate's fees stricken out.

*Mouton,* for defendant and appellant.

1. The sum of $657 88, claimed by the defendant as due him, ought to have been allowed. Compensation takes place for the sums due curators by the estate they administer, and such sums are to be deducted from the account they are required to render. *La. Code,* 2203, 4.

2. This claim is not prescribed as it does not come within the provision of the five years prescription, and being an account, can only be prescribed by ten years if the creditor is present or twenty if absent. *La. Code,* 3505. 3508.

3. The item for magistrate's fees ought to be allowed as these costs were incurred in suits, because the accounts were found drawn off among the papers of the deceased.

MARTIN, J., delivered the opinion of the court.

The plaintiff is appellant from a judgment which rejected a credit which he claimed on his account, as curator of the estate of the plaintiff's ancestor for $657 88, for an equal sum received by the latter about ten years before his death for the defendant's ancestor.

The allowance of this credit was opposed on two grounds: 1st, the defendant ought to have claimed it, in the course of his administration of the estate by an application to the Court of Probates, or presented it for allowance in a tableau of distribution, and having neglected to do so, it was too late to claim it, when he was called upon by the heirs to pay them the balance in his hands.

2d. It was contended that the money had been accounted for by the ancester.

The plaintiff and appellee claimed an amendment of the judgment by a disallowance of a credit of $202, claimed by

the defendant for the costs of a number of small suits before a justice of the peace, in all which judgment had been given against the estate.

I.    It has not appeared to us that there is the least weight in the first objection : curators ought indeed, without being called upon by the heirs, to account for their administration before the Court of Probates ; but no law deprives them, if this be neglected, to demand in the account provoked by the application of the heirs creditors, for any sum they are entitled to retain.

*A curator ought to render his account before the court without being called on by the heirs, but his omission to do this does not deprive him of the right, when an account is provoked by the heirs, to demand credit for a sum which he is entitled to retain, although he has not claimed it in the course of his administration.*

The plaintiff has relied for the proof of his allegation, that his ancestor accounted in his life time with the defendant for the money received by the former for the latter ; on the lapse of about ten years, from the date of the receipt to the death of the debtor; on a presumption, resulting from a note, given by the latter to the plaintiff about ten years after the date of the receipt, for twenty-one dollars, that a settlement had taken place and that the plaintiff was a creditor for twenty-one dollars as a balance ; on a presumption of the same fact arising from the circumstance of the plaintiff having confined the proof of his claim to the production of the note for twenty-one dollars, to support his right to the curatorship.

The defendant's counsel has contended, that the lapse of time operates no presumption of payment, when it is insufficient to support the plea of prescription ; that a note for twenty-one dollars given by the debtor of a sum of upwards of six hundred dollars, affords but a very slight presumption, if any at all, that a settlement of account took place, and that the maker of the note was found a debtor of twenty-one dollars only; that the production of the note having appeared to the Court of Probates sufficient to entitle the defendant to the curatorship it cannot be imputed to him that he did not produce when there was no necessity for it, evidence of the other item of his claim, when he was not in possession of any document in support of it, and when parol evidence was to be brought from a great distance.

We wish not to be understood to say that we should have

deemed it our duty to reverse the judgment of the Court of Probates if it had considered the presumption as too light to be received as convincing proof; but we feel no hesitation in saying that the present is a case, in which the decision of the judge of the domicil of the parties, who was acquainted with them, their charaters, circumstances, &c., must have great weight.

The lapse of a number of years, though below that period, which authorising the plea of prescription, prevents any rebutting evidence of the payment of which prescription prohibits the denial may afford a presumption which supported by others, may create that violent presumption which even in capital cases, may amount to full proof. It has appeared to us that the presumption resulting from the note of twenty-one dollars, of a settlement, is very light; and the argument of the defendant's counsel to attenuate the presumption arising from his neglect to avail himself of his larger claim may have some weight.

But suspicion attaches to claims which are urged after a period of ten years, and this suspicion is increased when the claim is first urged after the death of the debtor, and it must be admitted this suspicion is still increased when the creditor having become the curator of the debtor's estate, has acquired by the possession of all the papers of the latter the facility of removing or destroying his own receipt, if he has given one. All these grounds of suspicion militate against the present defendant and are strengthened by the circumstance of his failing to urge his large claim after his debtor's death, until the last moment, when he is called on to empty his hands.

We conclude on this part of the case we ought not to reverse the judgment.

Neither do we think it right to make that amendment claimed by the appellee.

The curator might possibly have ascertained that the claims found in the book and papers of the deceased, might be disproved or met by set off. He appears to have consulted the attorney of the absent heirs who did not discour-

WESTERN DIS
September, 1833.

DENAULE
vs.
NUNEZ.

On a question as to a debt claimed by the curator against the estate which he administers, founded on a receipt of the intestate given to a third party for an amount equal to the curator's account; *held* that the decision of the judge of the domicil of the parties, who was acquainted with them, their character, circumstances, &c., must have great weight. The lapse of a number of years, though less than is sufficient for prescription, may afford a presumption of the payment of the debt, which if supported by others may amount to full proof.

age him, and any inattention which may ascribed to him, is not of so gross a nature as in our opinion ought to have authorised the disallowance of a credit claimed for real disbursement.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with costs.