Morphy, J.
On the syndic in this case filing a tableau of distribution, its homologation was opposed by John C. Morris, because he was not placed thereon as a mortgage creditor for $551 64, being the amount of a judgment which he avers, was rendered against the insolvent, in his favor, on the 26th of April, 1832, and was recorded in the parish of East Feliciana, on the 4th of May, following. The syndic pleaded prescription against the judicial mortgage claimed by the opponent, it not having been re-inscribed since the 4th of May, 1832, and not having been presented until the filing of this opposition, on the 25th of Novena1-ber, 1842. On the trial of the case, the Judge below being satisfied that the opponent had been paid the amount of his judgment, overruled his opposition, from which decision he has appealed.
*62 It does not appear from the record at what time the surrender was made, but it must have been before the month of January, 1841, at which time the tableau of distribution shows, that the property of the insolvent was sold. No prescription had accrued against the opponent’s mortgage, at the time of the failure. All the rights and claims of the creditors of an insolvent are, we apprehend, to be examined and passed upon, with reference to the situation in which they stood when his bilan was filed, ithd all proceedings against him stayed. Creditors holding mortgages on an insolvent’s estate, can no more suffer from their failure to re-inscribe them, than creditors who had no mortgage can acquire one by an inscription made after the surrender. Civ. Code, art. 3326. Even in France, where it is considered that nothing but re-inscription will interrupt prescription, it has been determined, that it is not necessary to re-inscribe mortgages at the end of ten years, if at or before that time the debtor has failed. Sirey, 1812. P. 2, p. 408.
In relation to the payment of the debt, the evidence shows, that Morris obtained his judgment in April, 1832. A fi.fa. was issued, under which property was seized and was about to be sold, when an agreement was entered into between his attorney, James J. Weems, and Bethany, that the sale of the property under seizure should be postponed until the 15th of September following, and that on that day, the Sheriff should proceed to sell without any further advertisement, unless the debt should have been previously paid. Nothing further was done in the suit up to the failure of Bethany, except that, early in 1833, Morris paid the Clerk’s and Sheriff’s fees. These officers testify, that both Morris and his attorney, Weems, were extremely attentive and vigilant in the collection of debts ; and the record shows, that in the same court Morris recovered two other judgments against the insolvent, one for $100, and the other for $350, in the years 1838 and 1839, and that both these judgments, smaller in amount and of more recent date, were followed up by executions and twelve months’ bonds obtained, while no further demand was made, or any steps taken to collect the larger and older judgment either by Morris, or by Weems, who was his attorney in obtaining the three judgments-These facts, coupled with the refusal of Weems, the former attor *63 ney of Morris, and now the syndic of Bethany’s creditors, to put this judgment on the tableau, raise a strong presumption that it has been paid. This presumption Morris might have destroyed by interrogating the syndic, who could not testify for himself; but he found it probably unsafe to do so. Proof of the discharge of a judgment may be made by presumptions, as well as by positive evidence. The sufficiency of the proof must depend upon the circumstances of each case. We cannot say that there is error in the judgment of the District Court. 2 La. 28, 481. 6 La. 31. 9 La. 418.

Judgment affirmed.