## JEANE MARIE SARAMIA *v.* JEAN COURRÉGE.

| 13 | 25 |
|-----|-----|
| 113 | 455 |

The defendant being sued on his note payable to plaintiff's order, set up as a defence that he had sold to the plaintiff, by notarial act, the stock in trade, &c., of a coffee house, the price of which was composed in part of the note sued on. The notarial act of sale contained an acknowledgment that the price was paid in " current money." It was *held :* That as the plaintiff had held the note at the time of the sale, and after the sale had continued to hold it, without making any demand of payment until it was nearly prescribed, parol evidence should be let in to establish that the note sued on formed part of the price of the sale.

APPEAL from the District Court of Jefferson, *Burthe*, J.

*L. U. Gainnié*, for plaintiff.   *H. Trae*, for defendant and appellant.

BUCHANAN, J.   The plaintiff sues defendant upon his note, payable to plaintiff's order, four months after date, and dated 15th November, 1851. The note does not appear to have ever been protested, has always been held by plaintiff, and suit was only brought upon it in January, 1857, when nearly five years had expired from its maturity.

The defence is, that said note was satisfied and paid in full before its maturity, in the following manner: that on the 19th December, 1851, defendant sold to plaintiff by notarial act, the stock in trade, fixtures, &c., of a coffee-house, for two thousand dollars, expressed in the deed to be cash, but which was composed in part of the note in question, which was counted as so much cash.

On the trial, after the note had been given in evidence by plaintiff, defendant gave in evidence a certified copy of a notarial act of sale, of a coffee-house, as described in the answer, and containing the following clause :

" La présente vente est faite et acceptée pour et moyennant le prix et somme totale de deux mille piastres, que ledit vendeur déclare et reconnait avoir reçu comptant en monnaie du cours, du dit sieur acquéreur, auquel il concéde quittance et décharge définitive."

Defendant then offered to prove by several witnesses in court, and one of whom was on the stand and sworn, that the sale of the coffee-house in question was made for the purpose of satisfying the note now sued upon, and that the amount of the same, five hundred dollars, was counted as so much of the cash price of said trade, between the parties.   But, upon objection made by the plaintiff, the District Court rejected said testimony, on the ground that the same contradicted the notarial act of sale.

We think the court erred.   The cause of a contract is always open to proof explanatory of its true nature, as between the parties.   C. C. 188, 1894 ; 3 An. 235, 281.

The defendant acknowledges in the notarial act, to have received the price of the sale " in current money."   This expression was liable to explanation, and there is nothing contrary to the terms of the act, in proof that the defendant's negotiable note running to maturity, was taken for current money, as between these parties.

And there was another reason for giving the defendant herein an opportunity of explaining by testimony the meaning and intention of the parties, namely, the fact that plaintiff had held the note in question after maturity,

4

SARAMIA
v.
COURRÉGÉ.

without any demand of payment made of defendant, until prescription was on the eve of being acquired against the note.

It was also a circumstance out of the usual course of business, and which admitted, if it did not require, explanation, that plaintiff, being the holder, in December, 1851, of defendant's note for five hundred dollars, should yet have been paid by him that sum· in cash as the price of a purchase; and neither then nor afterwards (although the defendant had thus been put in funds by plaintiff himself) should have exacted payment of the note, which, as already observed, was always held by him.

A number of cases are cited by defendant in support of his right to offer witnesses to explain these circumstances.  10 An. 792; 9 An. 127, 234; 7 An. 183; 5 An. 140, 406, 649; 7 Rob. 61, 387; 6 La. 31, 661; 2 La. 481.

We have said, in the commencement of this opinion, that the note sued up· on does not appear to have been protested.  It is true, we find the following note of evidence made by the Clerk : " Plaintiff introduced in evidence the note and protest *sued upon.*"  But the petition makes no mention of a protest; there is no copy of a protest in the transcript, although the Clerk certifies that the said transcript " contains a full, true and correct transcript of all the documents filed, of all the proceedings had, and of all the evidence adduced, and upon which judgment was rendered in the suit."

The judgment of the District Court gives interest only from the judicial demand, not from the maturity of the note, as it would have done, had there been a protest.

Finally, no suggestion of a diminution of the record, nor motion to dismiss the appeal for want of a perfect record, has been made.

All of which circumstances have convinced us of the truth of the statement of counsel for defendant in his printed brief—a statement not contradicted by the opposite counsel—that the mention of a protest in the note of the evidence by the Clerk, was a clerical error.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the cause be remanded for a new trial, with instructions to the District Judge not to reject testimony of witnesses to establish that the note sued upon in this case, formed part of the consideration or price of the sale of a coffee-house mentioned in defendant's answer; and that plaintiff and appellee pay costs of appeal.

SPOFFORD, J., dissenting.  In this case we have·to do only with a single legal question, which is presented by a bill of exceptions.

The evidence rejected was offered to prove an allegation in the defendant's answer, that although he had admitted, in an authentic act of sale from himself to the plaintiff of a coffee-house, that " he had received the price ($2,000) in cash, *the truth is, that said amount was never so received by respondent, as expressed in said act,* and that said establishment was sold to plaintiff by said respondent to satisfy the note sued upon, and that, for the balance of the price of said establishment, plaintiff was to meet and discharge several outstanding claims against said respondent then existing, and which claims were incurred to supply said establishment with goods and liquors amounting to about $1,500."

The defendant then distinctly proposed to contradict his acknowledgment in an authentic act passed between himself and the plaintiff, without any alle-

gation of fraud or even of mistake. For, he proposed to prove that he had <span style="float:right"><span style="font-variant:small-caps">Saramia<br>v.<br>Courrége.</span></span> not received from the plaintiff $2,000, *comptant en monnaie de cours*, but that the plaintiff, in lieu thereof, had promised to assume certain debts of the defendant.

I do not find that any of the authorities cited, justify the admission of this evidence. The act sought to be contracted is within the category described in *Derouin* v. *Segura*, 5 An. 550. "The acts which cannot be contradicted by parol evidence, are those which contain contracts and create mutual obligations."

The question of the admissibility of the evidence is alone before us, and it must be controlled by a rule of law, uninfluenced by suppositions as to the possible equities of the case. If presumptions of fact are to be looked to, then it would be proper also to inquire why the defendant, if he paid his negotiable note to the holder some months before it was due, did not take it up.

I think the judgment should be affirmed, because I see no error of law in the ruling of the District Judge.