The opinion of the Court was delivered by
Bermudez, C. J.
This is an application for a Prohibition.
The Relator, alleging himself an attaching creditor of M. J. Waldenberg, complains that the latter, desirous of talcing the benefit of the insolvent laws, has applied to the District Court in Ouachita Parish, for an acceptance of the surrender, of his property for the benefit of his creditors, and for a stay of all judicial proceedings against his person and -property; that, in the absence of the Judge of said Court, the clerk thereof has assumed to act in the place of said Judge, and without any warrant has granted the relief sought; that the effect of the decrees made by said clerk will be to arrest the sale ordered by said Court, of the goods attached, to the injury of Relator; that said clerk has usurped a jurisdiction not conferred upon him, and that he should be prohibited from taking cognizance of the cause, and that said Waldenherg should be forbidden from taking advantage of such action of the clerk. .
The clerk and Waldenherg make return that the orders accepting the surrender and staying further proceedings are authorized by law, •and, therefore, valid and binding.
It is no objection to this proceeding that the orders had already been made when this application was submitted.
The Code of Practice, 853, provides that, if an inferior Judge has rendered judgment in a case where he had no jurisdiction, and the execution has issued, the court may direct its order, as well to the party prosecuting, as to the officer charged with the execution, forbidding them to proceed in the execution, in the same manner as if the prohibition ,had been addressed to-the Judge before issuing the order of execution.
*1028 Orders granted by a clerk, acting judicially, have the same effect as though made by the Judge of the court, under like circumstances, and are reviewable in the same manner, and to the same extent. 12 An. 612. This is so true, that where such orders have been properly granted, the Judge cannot rescind those which could be set aside on appeal, or by action in nullity. 14 An. 424; 15 An. 19; 18 An. 687.
Indeed, a prohibition lies to an inferior Judge only after he has, by doing some act, exceeded the bounds of his jurisdiction, and usurped the exercise of powers with which he was not vested.
When the case was submitted, Waldenburg applied for- an order to arrest the sale of his effects then about to take place, but we declined the relief, as the restraining order made herein, was an obstruction to the effect and execution of the order to stay, made by the clerk, bjr virtue of which only, the sheriff could have been enjoined from executing the order of sale in the attachment suit.
The proceeding being authorized, the question to be solved is simply:
Whether the clerk of the District Court had the right and power to act judicially in the matter, as he has assumed to do, during the absence of the District Judge from the parish.
By Article 122 of the Constitution, which is similar to those in previous Constitutions which have received judicial construction, it is provided, that the legislature shall have power to vest in clerks of courts authority to grant such orders, and to do such-acts as may be deemed necessary for the furtherance of justice, and in all cases powers thus vested shall be specified and determined.
This Article does not confer upon the legislature the power of vesting in such clerks any authority to render judgments; that is- to exercise the powers of a Judge, which consist in determining contested issues presented.
The difference between an order and a judgment is elementary. 33 An. 1425.
In furtherance of the power conferred on it, the legislature adopted Act 106 of 1880, p. 134, by the 4th Section whereof, “clerks of the-District Courts are authorized, in the absence of the District Judge from the parish, to convoke meetings of creditors of insolvent debtors.”
The argument made in support of the validity of the orders complained of, is that the right to accept the surrender is implied in that of ordering a meeting of the creditors, and that the law provides that, when such meeting is called, the order to stay proceedings shall issue.
■ The requirement of the Constitution that, in all cases, powers vested -in clerks by the G-eneral Assembly shall be specified and determined, leaves no room for inferences or conjectures of any kind. The powers *1029 not expressly delegated to tlie clerk are formally retained, to be exercised exclusively by tlie Judge.
In 2 An. 784, which arose under the Constitution of 1845, and under the Act of May 26, 1846, Ho. 96, conferring certain judicial powers on clerks, among which was not included that of homologating the deliberations of creditors, it was urged, that where no opposition had been made, the power to homologate was incidental to that of ordering the sale of succession property, but the Court refused to recognize the doctrine, holding that the homologation was a judicial act. See also, 5 An. 245; 10 An. 496.
The acceptance of a surrender, and the important decree staying proceedings, are not routine or ministerial orders, which are to be granted, as a matter of course, because they can wrong nobody. They require the application of legal knowledge and the exercise of a judicial discretion, such as a Judge alone possesses.
Secs. 1789 and 1790, II. S-, provide that: Whenever the Judge shall be convinced that tlie debtor who wants to surrender his property lias complied with all the formalities prescribed, he shall endorse on the schedule that the cession of all the property of the insolvent is accepted for the benefit of his creditors, and shall order that a meeting of the creditors be called, and that all proceedings against the person and property of the debtor be stayed.
The word “ convinced,” was not used without deliberation. It means, that it is only after the Judge will have examined and satisfied himself that the exigencies of the law have-been fulfilled, that he will grant the relief sought. It assumes in the Judge an extensive knowledge of the law, which it does not presume in clerks of courts, who are ministerial officers only, not required to possess the qualifications of a lawyer, or of a magistrate, who are clothed with powers, tlie exercise of which can harm no one.
The legislature could not have intended and did not propose to confer upon clerks of District Courts the power of calling that first meeting of creditors, which can be convened by the Judge, unless after accepting the cession and staying proceedings the Judge had inadvertently omitted to convene the creditors. The meetings which the clerks are authorized to convoke are, for instance, such as may be necessary to elect a syndic, to advise upon the propriety of a sale, to fix the terms and conditions thereof, or such other meeting which may become proper after the cession of property has been accepted and proceedings against the insolvent have been arrested.
The order accepting a cession and staying proceedings, is, indeed a judgment -which demands the exercise of legal discrimination, hnd *1030 which, when granted, can be set aside only by appeal, or action in nullity. 15 An. 19 j 18 An. 687; 14 An. 424 ; 7 La. 62 j 12 M. 32.
In granting it, the clerk, in this instance, has unlawfully exercised a jurisdiction which is vested in him only who has the right of judging, that is, of hearing and determining contentions. C. P. 76. The consequence is the absolute nullity of his action, however honest it may have been.
It is, therefore, ordered and decreed, that the preliminary restraining order herein made be maintained, and that the prohibition asked issues and be made perpetual, with costs.