E. H. ANGAMAR v. NEW ORLEANS INSURANCE COMPANY.

A supplemental answer averring an inability to do, by reason of the act of the plaintiff, what the original answer had declared to have been done in fulfillment of a contract, changed the issue, and an exception thereto should have been sustained.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Sage*, for plaintiff and appellant. *Benjamin & Micou*, for defendant. *T. L. Bayne*, for warrantor.

SLIDELL, C. J. The defendant gave the plaintiff a fire policy on his "sugar house and purgery," "with the steam-engine, machinery and all apparatus thereof," for $18.000. The property having been destroyed by fire, the defendant's availed themselves of the condition of the policy, giving them the privilege of rebuilding and replacing. They made a contract with *Belson* for rebuilding the sugarhouse and purgery for $3,750, and with *Leeds & Co.* for repairing the engine &c. for $2,600, these sums have been paid by the defendants to those parties respectively, but without plaintiff's sanction as to *Belson*. Plaintiff acknowledges satisfactory indemnity for the steam-engine, but claims in his petition the balance of the Insurance over the amount paid for replacing the steam-engine. His allegations were as follows:

"So far as the sugarhouse and the necessary appurtenances thereof are concerned, the said Insurance Company have not in any manner complied with their contract either by paying the loss in money, or by rebuilding or replacing the said sugarhouse and fixtures; but the said company has merely pretended to comply with their obligation to indemnify your petitioner for the loss of his sugarhouse &c., by sending an agent or contractor to rebuild or replace it; and that the said contractor acting for and under the authority of the company, provided and used timber and all the materials for the building far inferior to those of the former building both in size and quality; and furthermore, that the structure and workmanship of said building and all its parts and appurtenances are in plain violation of the principles of architecture and mechanical skill, and moreover, that the said building from the vices and defects of its structure, and from the incompleteness is totally useless to your petitioner for all the purposes of a sugarhouse.

The defendants filed an answer in which they admit the execution of the policy, the burning of the sugarhouse, "and the defendants undertook to re-

build the property destroyed, all as stated in the petition, but deny the other allegations of the petition," and specially plead and aver that they have fully and fairly complied with the obligations imposed by said contract; that they have rebuilt the sugarhouse at the place indicated by the plaintiff, and that the new sugarhouse erected by them, is in every respect superior and of greater value than that which was destroyed."

Several months after this answer was filed, and after testimony had been taken under commission, which, probably, alarmed the defendant's as to the sufficiency of their defence, they filed an amended answer shifting their ground. They allege that the plaintiff had agreed with *Belson* (the person employed by the company to rebuild) to change the sites and plan of the building, dispensing with parts of the old building and making additions. That by making such new arrangements with *Belson*, and such changes, the plaintiff rendered it "impossible for defendant's to rebuild the sugarhouse in the precise manner with the old one, and released defendants from any further liability arising out of the manner in which the new building was erected."

We think the court below erred in refusing to set aside this supplemental answer upon the exceptions filed by the plaintiff, or at least in permitting it to stand unqualifiedly. It contained no suggestion that the new matters alleged had come to the knowledge of the defendant since the filing of their answer, and the records furnishes abundant evidence that the defendants were fully cognizant of them even before the suit was brought. Nay, more, it is conclusively shown that so far as the change of site was concerned, they had waived any objections on that score. The new ground of defence, so far at least as it is offered in absolute bar of the action, is inadmissable, and can only be considered so far as it may be equitably invoked to relieve the defendants from responsibility for any defects in the materials or workmanship of so much of the new building as was not embraced in the plan of the old building.

Under the original petition and answer, we think the position of the parties was such, that upon proof by the plaintiff of the value of the old building and equipments as "a sugarhouse and purgery," the burden was upon the defendants to show that the building erected by *Belson* under their employment was, extra work excluded, as good as the sugarhouse and purgery destroyed by the fire. This the defendants have not satisfactorily proved. The matter stands thus. The plaintiff has shown his loss, and the defendants have not shown, as they undertook by their answer to do, that the building erected by their employee was a just and fair indemnity.

We are of opinion that under the evidence, the building as reconstructed, may, by reason of its inferiority of materials and workmanship, be considered as falling short of a just indemnity by an amount of $2,500. If there be un_ certainty about the exact amount, it must be recollected that, under the pleadings, the burden was upon the defendants to show that the new building was a just indemnity, after the plaintiff had shown the reasonable value of the property destroyed ; and it must also be borne in mind that the defendant has contributed to this uncertainty, by resisting the application made by the plaintiff for the appointment of experts.

After the cause had run a long time at issue, and much of the testimony upon which it was subsequently tried, had been taken, *Belson* and his surety *Davidson* were called in warranty by the defendants. It appears that the company had paid *Belson* the amount stipulated for restoring the building, but

without exacting from him a certificate of approval by *Angamar*, as called for by the contract. Considering the manner in which the defence has been conducted, and the cause tried, we do not think the defendants entitled now to judgment even against the warrantor.

It is therefore decreed that the judgment of the District Court be reversed, that the plaintiff shall recover of the defendants the *New Orleans Insurance Company*, the sum of $2,500, in full satisfaction of all outstanding claims of the plaintiff upon the policy of insurance, with costs in both courts. And as between the defendants and the warrantor and surety, *Belson* and *Davidson*, it is ordered that the call in warranty be dismissed as in case of nonsuit, and that the defendants pay the costs thereof.