JOSEPH MARION, Respondent, *v.* THE GREAT REPUBLIC INSURANCE COMPANY OF ST? LOUIS, Appellant.

*Insurance—Proofs of Loss—Oath of Insured.*—A policy of insurance upon goods in store required the insured, in case of loss, to deliver a particular statement of his loss, verified by his affidavit, and provided that for any fraud or false swearing he should forfeit all claim under the policy : *Held*, that the false statement must be wilfully made with respect to a material matter and with the intent to deceive the insurer.

*Appeal from St. Louis Circuit Court.*

*Krum & Harding,* for appellant.

I. False swearing in respect to said loss or damage, by the terms of the policy, discharged defendant. False swearing

in the premises could occur in two ways: 1. By plaintiff making the affidavit knowing its contents to be false. 2. By plaintiff swearing to material statements as being facts, without knowing whether they were facts or not.

Under the first head, we do not complain of the action of the court below; the proper instruction was given. Under the second head, we maintain that the court erred in refusing to give the instruction asked by defendant in relation thereto. It became the more material that this instruction should be given, inasmuch as plaintiff introduced testimony designed to produce the impression, that he made the affidavit without understanding its contents.

As the plaintiff swore positively to the amount of his loss, if he did not know and was aware that he did not know what that amount was, he was guilty of perjury as well as of false swearing; (2d. Russ. C. & M. 518;) and as such false swearing could only be with the intent to induce the defendant to pay the amount of the policy without further inquiry, the jury should have had the point placed before them for their consideration.

*A. J. P. Garesché,* for respondent.

The instruction refused is the repetition, in confused and incoherent language, of the perspicuous one given at defendant's instance. It was then properly refused; and even if not properly refused, the refusal is not a reason for reversal, because, substantially, the same instruction was given.

BATES, Judge, delivered the opinion of the court.

This is a suit upon a policy of insurance of a stock of goods in a store in St. Louis. The policy required the assured on sustaining loss or damage by fire, forthwith to give notice thereof to the Company, and as soon after as possible to deliver in a particular account of his loss or damage, signed with his own hand, and verified by his oath or affirmation. The policy also provided, that if there appear any fraud or false swearing, the insured shall forfeit all claim

under this policy. The answer set up, that after the loss the plaintiff had given the defendant a false and fraudulent account of his loss and damage, whereby the defendant was discharged from liability. At the trial, evidence was given tending to prove that the statement of loss made to the defendant by the plaintiff, and sworn to by him, was false in material matters.

At the instance of the defendants, the court gave the following instruction :

"If the jury believe from the evidence, that the plaintiff made and subscribed the affidavit dated April 10, 1860, read in evidence, and delivered the same to the defendant as containing a statement of his actual loss and damage by the fire in question ; and if they further believe from the evidence, that his said loss and damage was materially less than would appear by said statement, and that plaintiff knew this fact when he made and subscribed said affidavit, then the plaintiff cannot recover."

And the court refused the following instruction :

"If the jury believe from the evidence, that the plaintiff made the affidavit of 19th April, 1860, and that at the time he made it he did not know the amount of stock on the first floor and cellar of the store therein mentioned ; if at said time plaintiff knew that he did not know such amount, then he has been guilty of false swearing, within the intent and meaning of the policy, and in that case plaintiff cannot recover."

There was verdict and judgment for the plaintiff, and the defendant appealed.

The only error complained of is the refusal to give the instruction above copied. The affidavit referred to stated that the value of his stock of groceries, produce and merchandise, contained in first floor and cellar of store No. 89 South Main street, in the city of St. Louis, and which were on hand the day previous, and at the time of the fire, was seven thousand one hundred and eighty dollars and twenty-two cents.

The counsel for the appellant treats the instruction which was refused as if it differed from that given in one respect only; that is, in that the statement was of a matter of which the affiant was ignorant; while, in the instruction given, the statement was of a matter which the affiant knew to be false. If that were so, I would have no hesitation in reversing the judgment; but the instruction is fatally defective in another respect, that is, in that it does not require that the false swearing should have been done with an intention to deceive the defendant, or get an advantage of it. The clause in the policy in respect to false swearing is to be viewed in connection with all the other parts of the policy and the general nature of the contract; and so viewing it, it is obvious that it was intended thereby to require the insured to give the insurer real and reliable information as to the amount of the loss, and that a mistake or unintentional error, or misstatement of an immaterial matter in the sworn statement would not avoid the policy, but the false statement must be wilfully made in respect to a material matter, and with the purpose to deceive the insurer. Now this instruction requires that the false statement (that is, the statement made in ignorance of its truth) shall have been knowingly made, but does not require that the jury shall find that it was in respect to a material matter, or made with an intention to deceive the defendant. It might probably be inferred that the matter was material; but under that instruction, if given, the jury would have been required to find for the defendant, notwithstanding that the false statement was not intended to deceive the defendant, and did not deceive it, and that the plaintiff derived and could derive no advantage from it, and the defendant received and could receive no detriment from it. (Hoffman v. Western Marine & Fire Ins. Co., 1 Lou. 216.)

No doubt an indictment for perjury might be supported by proof of a swearing to the truth of matters of which the accused was ignorant (and which might in fact be true), but the prosecution for perjury is distinctly for the offence

of false swearing, irrespective of the effect of the falsehood; whilst here, the clause as to false swearing is a part of a contract between two persons, and is important only in its effect, actual, presumed, or intended. It is no part of the intention of the parties to punish one of them for an immoral or illegal act; but the provisions of the contract have reference only to their interests in respect to the subject matter of the contract. And if it be true that the plaintiff had on the first floor and cellar of his store, the precise amount of merchandise, groceries and produce, so particularly mentioned in his statement, the defendant could not have been injured by the statement, notwithstanding that the plaintiff was wholly ignorant of the amount of merchandize, &c., which he had, and was guilty of the moral offence of false swearing.

There was no error in refusing the instruction.

Judgment affirmed; Judges Bay and Dryden concur.