George Andrews, J.,
delivered the opinion of the Court.
This was an action of debt, brought by D. S. Mun-day, in the Circuit Court of Davidson County, to recover the amount of a loss! sustained by the plaintiff below, under a policy of insurance issued by the defendant, upon a stock of goods in a store in Nashville. The plea filed was nil debit.
The jury, ,upon the trial of the cause, returned a verdict in favor of the plaintiff below, for the sum of $12,043, and interest thereon; upon which verdict, judgment was rendered; and the defendant below was granted an appeal in error, to this Court.
*549 The policy of insurance, which is set out in the bill of exceptions, is in the usual form, and contains the following stipulations: “If the insured shall make any attempt to defraud the company, then and in every such case, the policy shall be null and void.” The tenth clause of the conditions of insurance indorsed upon the policy and forming part of the contract, provides, with great minuteness and detail, that the assured shall, in case of loss, forthwith give notice to the company; deliver as particular an account of the loss and damage as the nature of the case will admit, signed, and verified by his oath or affirmation, and showing the ownership, and the whole cash value of the subject insured, and showing many other particulars concerning the property and the loss; that the assured shall also produce a certificate from a magistrate, notary public or commissioner of deeds, showing that he is acquainted with the circumstances, and verily believes that the assured has, by misfortune and without fraud or evil practice, sustained loss and damage to such amount as the officer shall certify; that the assured shall, if required, submit to an examination under oath, by the agent or attorney of the company, touching his knowledge of anything relating to such loss or damage; and shall, if required, produce his books and vouchers for the inspection of the agents of the company. After the above and other detailed provisions, the clause in question proceeds as follows: “And until such proof, declarations and certificates are produced, a.nd such appraisal and examination of property permitted by the claimant, the loss shall not be payable. All frauds, or attempts at *550 fraud, by false swearing or otherwise, shall canse a forfeiture of all claim on this company under this policy.”
Notice was given to the agent of the company, of the occurrence of the loss, but ,the proof in the record is somewhat defective as to whether there was a full compliance on the part of Munday, with the conditions of the policy as to making and producing preliminary proof of loss; and the evidence is conflicting as to whether a full compliance with said conditions was expressly waived by the agent of' the company.
Soon after the occurrence of the fire, the plaintiff, Munday, presented to the agent of the company, a detailed statement of the items of the goods claimed by him to have been destroyed, amounting in value, according to the statement, to $15,989.18, and stating further: “That there was several thousand dollars’ worth of goods burned by the fire, besides the above mentioned goods, the particular description of which I cannot now give,” etc. This statement was sworn to by Munday.
Much conflicting evidence was introduced upon the trial, as to the value of the goods destroyed, and as to circumstances tending to show that the claim and sworn statement of the plaintiff that he had sustained a loss of $15,989.18, and over, was false and fraudulent.
The Circuit Judge instructed the jury, amongst other things, as follows: “If the plaintiff ■ has been damaged by fire, give him the amount of his loss and no more. He is entitled to recover his losses under the policy, but no more than he actually lost, and no less. * * If, however, you are satisfied from the evidence, that the plaintiff attempted a fraud on the defendant, by *551 making out and presenting a false and fraudulent account against tbe defendant, you will look to bis claims with caution and great suspicion, and be careful to not give him more than he lost.”
The defendant’s counsel requested the Court to instruct the jury as follows: “If the insured shall have made any attempt to defraud the company, then his policy was rendered null and void; and that all fraud, or attempt at fraud, by false swearing or otherwise, would cause a forfeiture of all claim on the defendant under the policy.” Which instruction was refused.
We think that the Circuit Judge erred in assuming in his instructions to the jury, as he did do, that the only matter left for their determination, was the question of the amount of loss. The production by the assured of the ’ preliminary proofs required by the conditions of the policy, was a condition precedent to his right of action: Phil, on Ins., secs. 1807, et seq.; Ang. on Ins., secs. 225-9; Pars. Merc. Law, 535. This condition might have been waived by the insurer expressly or impliedly: Ang. on Ins., secs. 229, 242-8; Pars. Merc. Law, 536; 2 Phil, on Ins., sec. 1803, et seq. But as the proof in this case was conflicting as to whether there had been a waiver of the condition or not, the question should have been left to the jury. We do not intend by any thing here said, to decide that accident, or circumstances beyond the control of the assured, would or would not excuse performance of such conditions, as nothing in this record involves that question.
Did the Circuit Court err in its instructions to the *552 jury in regard to the effect of a fraud, or attempted fraud, on the part of the plaintiff? The condition in the policy in this case, that fraud, or attempted fraud, or false swearing on the part of the assured, should cause a forfeiture of the insurance, is one similar to those that have long heen common in fire policies, and we think cannot now he held to be in itself, invalid or contrary to public policy: 1 Phil, on Ins., secs. 63, 888; Ang. on Ins., secs. 224, 367; Pars. Merc. Law, 539. Such conditions have frequently been before the Courts, and we know of no case which holds them open to objection.
The fraud or false swearing which would cause a forfeiture under this stipulation, must undoubtedly be actual and intentional. An over-estimate of the amount of loss sustained, made honestly and in good faith, is neither fraud nor false swearing, within the meaning of the policy: 1 Phil, on Ins., sec. 888; Moore vs. Protection Ins. Co., 29 Maine, 97; Marchesseau vs. Merchants Ins. Co., 1 Robinson’s La. R., 438: Levy vs. Baillie, 7 Bing., 349; Marion vs. Great Republic Ins. Co., 35 Mo., 148; Pars. Merc. Law, 539; Wall vs. Howard Ins. Co., 51 Maine, 32. But where the proof, under a policy like that set out in this record, shows to the satisfaction of the jury that the assured has been guilty of willful and intentional fraud, or of corruptly swearing to a statement known to him to be false, in regard to a material matter, either in the application for insurance, or in the preliminary proofs required by the conditions of the policy, we think he must be held to have forfeited his right to a recovery *553 against the company. Such fraud or false swearing must, of course, be affirmatively proved by the insurer.
It is insisted for the defendant in. error, that fraud on the part of the assured, in the production of his account and proof of loss, was matter occurring after the liability of the insurer had become fixed, and therefore could work no injury, and could not affect the contract or right of action; that fraud which is inoperative and productive of no injury, cannot be made a ground of relief or of forfeiture: (2 Pars, on Con., 268.) We do not dispute the general doctrine on this point, but it has no application to a case depending upon the express stipulations of the parties, by which fraud, subsequent to the contract, is explicitly declared to be a ground of forfeiture; and in this view, it is immaterial whether the insurer’s liability can be considered as fixed before all the conditions of the policy are faithfully and fully complied with, or not.
The contract in this ease, places actual fraud and attempted fraud, upon the same footing, and makes both alike, a ground of forfeiture; and we know of no reason why this may not be done. Actual fraud in effecting the insurance, would avoid the contract without any express stipulations to that effect, and such a stipulation as is contained in the indorsed conditions of this policy, like those discussed in all the cases above cited, could have no operation except as applied to facts arising after the making of the contract: Ferris vs. N. A. Fire Ins. Co., 1 Hill, 71.
It is claimed, however, by counsel for defendant in error, that the errors last mentioned are immaterial, for *554 the reason that the Insurance Company, having filed no special plea setting forth the fact that the plaintiff had been guilty of fraud or false swearing, cannot give such matter in evidence under the plea of nil dehit. The action is debt, and in that form of action the defendant may, under the plea of nil debit, give in evidence the matters constituting defense, relied upon in this ease: 1 Chit. Pl., 481; 2 Green. Ev., sec. 280.
The judgment must be reversed, and a new trial granted.