Daul vs. Insurance Company.

## No. 8034.

### CHARLES DAUL VS. THE FIREMEN'S INSURANCE COMPANY.

In a contract of insurance, the condition requiring preliminary proofs is one introduced solely for the benefit of the insurer and which he may waive either expressly or by implication; and where prolonged negotiations for settlement are conducted without such proofs, and settlement is finally declined upon grounds entirely exclusive of the absence of such proofs, this amounts to a waiver thereof.

The effect of such waiver is equivalent to the striking of such condition out of the contract.

The defense of fraud and false swearing in a statement of loss, requires that the swearing must not only be false, but knowingly and wilfully done with intent to cheat the Company. And where such statement was only made, as a preliminary to suit, after the insurer has made full investigations and after it has finally refused to settle the loss and after negotiations for such settlement have been finally broken off, exaggeration of the loss contained in such statement cannot be construed as having been made with the intent or expectation to deceive or mislead the Company.

The condition authorizing the Company to rebuild cannot be invoked to defeat an action for pecuniary indemnity, unless the Company has distinctly elected to rebuild and has insisted thereon and put the insured in default for refusing to permit such rebuilding.

Charges of attempts by insured to bribe the Company's inspector and a builder are not clearly sustained in this case; but, even if they were, however reprehensible, they do not, by themselves, fall within any condition of the policy, and cannot have the effect of extinguishing the Company's liability under the policy.

APPEAL from the Fourth District Court for the Parish of Orleans. *Houston, J.*

### *E. D. White* and *J. H. Ferguson* for Plaintiff and Appellant :

1. Where a loss is communicated to an underwriter, and he negotiates for its settlement, makes offers to that end, and never complains of want of preliminary proof, its production is waived. Philips on Insurance, vol. 2, p. 475; Flanders on Fire Insurance, p. 593; Blake vs. Ex. Mutual Ins. Co., 12 Gray, 255; Owen vs. Farmers' Joint Stock Ins. Co., 57 Barb. 518; 48 Iowa, 644; 36 Md. 102; 29 Mich 241; May on Insurance, 468.

2. There was an express waiver by the Secretary, even if not an implied one, from the acts of the Company.

3. He was competent to make it. 43 Barb.; 14 Mo 220.

4. Wilful false swearing must be an intentional attempt to deceive, and in a matter where, from the nature of the oath, the Company may be deceived. 35 Mo 148; 7 An. 244.

5. The statement sworn to was not a preliminary proof; it was made after the breaking off of the negotiations for the purpose of being annexed to the petition. It proved nothing but *rem ipsam.* 42 Penn. Stat. 188.

6. It is obvious that the cost and not the amount of loss on the property was contemplated by the assured when his claim was made.

7. The claim made is the measure to determine whether he wilfully swore falsely.

8. The facts justify a reversal and a judgment for plaintiff for $2,435.

### *J. O. Nixon, Jr.* for Defendant and Appellee :

1. Wilful and fraudulent fraud and false swearing will deprive the assured of any claim against the Company. 12 L. 336; 1 Rob. 442; 1 An. 218.

2. A great variation between the real and sworn value of property insured is a circumstance which, unexplained, will cause forfeiture of the policy. 1 An. 218; 1 Rob. 442.

3. Where the policy gives the right to rebuild and the insurer offers to do so, a refusal to permit the rebuilding by the assured will forfeit all claim. Wood on Fire Insurance, §130.

Daul vs. Insurance Company.

The opinion of the Court was delivered by

FENNER, J.   The action is to recover a loss under a policy of fire insurance.

The defenses will be stated and disposed of consecutively.

1.   That no proof of loss was ever received, as required by the conditions of the policy.

The insurance in this case was on buildings, a cistern and fences, to the amount of $2,550, and on household furniture and kitchen utensils to the amount of $450.

The evidence establishes that the defendant was promptly notified of the loss, and that immediately thereafter, the parties entered into prolonged negotiations for its settlement.   Investigations were made by the inspector of the Company.   The Company never disputed the loss.   It proposed to rebuild, as authorized by the policy.   Estimates of the cost of rebuilding were obtained by both parties.   They could not agree upon the plans and cost of rebuilding.   The whole finally culminated in an offer of the Company to pay $1,500 on the buildings and $450 on the furniture.   This was declined, ending negotiations, and followed by the present suit.   It appears that the secretary of the Company expressly told plaintiff that he need not make proof of loss. But it is sufficient to say that, during all these negotiations, the insurers made no objection to the absence of preliminary proofs; recognized their liability in absence of such proofs, and placed their refusal to pay on grounds entirely exclusive of said proofs.

All well considered authorities agree that the condition requiring preliminary proofs is one introduced solely for the benefit of the insurer, and which he may waive either expressly or by implication; and that conduct such as detailed above operates an implied waiver. Flanders on Fire Insurance, p. 541; Priest vs. Citizens' Insurance Co., 3 Allen, 602; Lewis vs. Monmouth, 52 Maine, 492; Peoria vs. Whitehill, 25 Ill. 466; Great Western vs. Staaden, 26 Id. 360; Blake vs. Exchange, 12 Gray, 265.

2.   The appropriation of certain salvage by the plaintiff.

The evidence does not substantiate this charge.

3.   Fraud and false swearing in estimation of loss.

It appears that, after the final breaking off of negotiations for settlement, and more than sixty days after the fire, the plaintiff, under the apprehension that such action was a necessary condition precedent to suit, furnished to the Company a sworn statement of the loss.   This estimate is charged to be so excessive as to constitute fraud and false swearing, within the condition of the policy.

The defense must fail, for two reasons: 1st, The filing of that statement was entirely superfluous under the circumstances of this case.

We have already held that there was an implied waiver of the condition requiring preliminary proofs. The effect of such waiver was "to strike the condition out of the contract." Flanders F. I. p. 541. "The rule is that if the preliminary proofs are waived, such waiver, in effect, strikes the condition requiring them out of the contract." Commonwealth Insurance Company vs. Lennett, 41 Penn. 161. 2d, The circumstances under which the statement was made, preclude the idea that there was any intention to deceive or mislead the Company. As shown above, the statement was only made as a preliminary to suit and after the final termination of long-pending negotiations for settlement, in which the only point of controversy was the amount of loss, on which point both parties had made exhaustive investigations and reached their own positive conclusions. It is not conceivable that plaintiff could have intended or expected that the Company should be deceived or influenced by his statement so made.

The law is well settled that the swearing must not only be false, but it must be knowingly and wilfully done, with intent to cheat the Company. Franklin vs. Updegraff, 43 Penn. 350; Hoffman vs. Western, 1 La. An. 216; Raffel vs. Nashville, 7 Id. 244; Marion vs. Great, 35 Mo. 148.

4. That under the policy, defendant had the right to rebuild, which they offered to exercise, but were not allowed to do so by plaintiff. The evidence does not establish such a distinct election to rebuild on the part of defendant or such a default on the part of plaintiff to permit them to do so, as would defeat his action for pecuniary indemnity. There were negotiations on the subject of rebuilding in which the parties did not agree, but the defendant never insisted on its right to rebuild nor made any demand on plaintiff to permit the same. On the contrary, the negotiations ended with an offer of pecuniary indemnity which was declined. Nor, in answer to this suit, does defendant tender performance of its alternative obligation. We find nothing in the point.

5. The attempts to bribe an inspector of the Company and a builder, which are charged against the plaintiff, are not clearly established by the evidence, the language used by him admitting of different interpretation. However that may be, such attempts are covered by no condition of the policy, and we know of no law giving them the effect of extinguishing the Company's obligation to pay the loss.

On the whole, we conclude that the Company has no just defense.

As to the amount of the loss, the evidence does not clearly establish that it exceeds the amount actually offered in settlement by the Company, viz: nineteen hundred and fifty dollars.

It is, therefore, ordered that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed, that plaintiff have judgment against defendant for the sum of nineteen hundred and fifty dollars, with legal interest from judicial demand, and costs in both Courts.

Rehearing refused.