Bagnetto vs. Bagnetto.

No. 12,968.

A. R. BAGNETTO vs. R. S. BAGNETTO.

SYLLABUS.

1. The rule that the finding of the trial judge on a question of fact will be reasonably followed unless clearly shown erroneous, reaffirmed and given application herein.
2. The mere filing of a suit seeking dissolution and settlement of a partnership does not *ipso facto* operate its dissolution.
3. It is the duty of a partner in charge of a valuable partnership asset, when dissolution is sued for, to preserve it, to prevent its deterioration or destruction, and in this behalf he may make reasonable expenditures on behalf of the partnership.

A PPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Frank Zengel* for Plaintiff and Appellant.

*Charles F. Claiborne* for Defendant and Appellee.

Argued and submitted March 22, 1899.
Opinion handed down May 15, 1899.

The opinion of the court was delivered by
BLANCHARD, J. Plaintiff and defendant, brothers, conducted, as

partners, an eating house and coffee stand at Stall No. 69 in the Poydras Market, New Orleans, under the firm name of "Sam Bagnetto"—the name of defendant, who managed the business.

This partnership began in 1892.

Prior to its formation, defendant, in his own name and for his own account, had conducted the same business at the same stall for seven or eight years.

He had purchased the stall and business in 1885 from one Collac, for the price of $1650.

When he associated his brother (plaintiff herein) with him in the business, the latter put in no capital, though he was admitted to a full partnership.

For some years after the formation of the partnership the business was profitable, but latterly it had not been.

About the time they became associated in business these brothers purchased, and likewise held in common, some real estate.

In February, 1898, this suit was brought. The petition sets forth the partnership and the ownership in common and in indivision of the real estate, describing it.

The allegation is made that plaintiff is not willing longer to continue the business, desires the partnership terminated and liquidated, and wishes to have the real estate sold to effect a partition thereof. Defendant was averred to be in possession of the business and it was suggested that pending the settlement and liquidation a receiver should be appointed.

An inventory of the partnership effects, as well as of the real estate held in common, was prayed for, and a rule was taken on defendant to show cause why a liquidator and receiver should not be appointed to carry on and conduct the business pending its settlement.

Judgment was asked dissolving and liquidating the partnership, and ordering the sale of its effects, as well as the sale of the real estate owned in indivision.

An inventory and appraisement was ordered and taken.

No order was ever made for the appointment of a liquidator and receiver.

Instead, some five weeks after the suit was filed, on the joint application of the parties litigant, defendant agreeing to dissolution and liquidation, the court ordered the sale at auction of the stand in the

76

Poydras Market, its contents and good will, and also of the real estate.

The order, at the instance of the litigants, directed that the proceeds of the sale be placed in the hands of the notary for division between the partners after the differences between them should have been determined and settled by the court.

At the sale which followed, the Poydras Market stand brought $502. It was purchased by the plaintiff, who continued the business. The real estate brought $4500—making a total of $5002, subject to liqui- dation, settlement of debts and distribution.

Of the debts which showed up against the concern, there was no dispute as to the larger portion thereof being liabilities of the partner-ship.

The claims thus admitted to be debts of the partnership aggregated $1508.45.

Plaintiff took a rule on defendant to show cause why this amount of $1508.45 should not be decreed to be the only debts due by the partnership and to be paid out of the partnership funds, and why the remaining bills should not be decreed to be the individual liabilities of defendant, subject to payment only out of the balance found to be due him after settlement of the partnership debts and the expenses of the liquidation.

Defendant, answering the rule, set out a list of bills aggregating $990.70, which he averred to be debts also due by the partnership and which should be paid out of its assets.

The trial of this rule resulted in a decree adverse to plaintiff, and he appeals.

Of the disputed claims, $811.10 represents money borrowed by defendant from P. B. Collac.

Both defendant and Collac testify to the loan, and the former swears that he used the money in the payment of debts which had been incurred in the conduct of the partnership business. All the bills were made out against defendant. But this is explained by the fact that his was the firm name, and that he managed the business and made the purchases.

The trial judge, who saw and heard the witnesses called to the stand in regard to this indebtedness, came to the conclusion it was a claim for which the partnership should be held.

The question was one of fact as to whether the money was used for

the partnership or not. Our examination of the evidence does not justify us in disturbing his finding.

The remaining items on the disputed list represent claims for wages due assistants and waiters around the coffee stand and furnishers of supplies.

The contention of plaintiff is that these liabilities having been incurred subsequent to the filing of the suit, defendant alone and not the plaintiff should be charged with the same.

He insists that the partnership must be held dissolved from the time of service of citation upon defendant in this suit, and that after dissolution one partner cannot incur liabilities chargeable against the partnership assets.

True it is that *after* dissolution one of the parties to the defunct partnership may not contract ordinary debts binding upon the others who had been associated with him, or upon the assets of the partnership. But the error of plaintiff's position is in not discerning that this partnership was not dissolved at the moment this suit was filed. He would have defendant, in charge of the coffee stand, close it up and quit business altogether as soon as service of process was made upon him. This necessarily would have resulted in injury and loss to both partners, for the evidence shows that if this had been done, the market lessees would have disposed of the stall to other parties, and, later, when the sale of the partnership effects was ordered there would have been no going concern—stall, coffee stand and eating house—to dispose of.

Besides, the petition served on defendant notified him that a liquidator and receiver of the business had been applied for.

Thus confronted with a suit for dissolution and liquidation, and for the appointment of another to conduct the business pending the litigation, what was the duty of defendant under the circumstances? Why, to continue the business, keep it going. The stall, the business conducted there, its good will, was a valuable asset of the partnership. It was incumbent on defendant in charge of this asset, to preserve it, to prevent its deterioration or destruction, and to do this he must keep the stall open, its business conducted as usual. In this behalf he is considered as having had authority to make reasonable expenditures on behalf of the partnership. The stall could not be run without cooks and waiters and without supplies. These were had and must

be paid for, and the debt is that of the partnership and not of the one partner.

After the filing of the suit, these partners came together and agreed on a dissolution and sale of the partnership effects. A time was fixed for the sale and it took place then. Until this sale the partnership is considered not to have been dissolved. The sale and transfer of the coffee stand and its business to plaintiff ended the partnership. Up to that time the stand, its business and fixtures, remained assets of the partnership, and the debts contracted in behalf of the same partnership liabilities. The court a qua was correct in so holding.

No books, it seems, were kept in conducting the business of the coffee stand. Plaintiff was aware of this. Defendant could not, therefore, render an account of receipts and disbursements, but enough is gathered from the record to support the conclusion that plaintiff has not been injured by this. During the time intervening between the filing of the suit and the sale of the coffee stand the business was conducted at a small loss—as it had been for some time prior to the suit.

It is not considered that the question of the inability of a commercial partnership to buy and sell real estate arises in this case.

Nor the question that the partners, being joint owners of the real estate purchased, one cannot alienate or encumber the property without the assent of the other.

All the effects—real estate and all—held in common by these litigants were, by consent, sold, the proceeds placed in a notary's hands, there to await the action of the court in determining the question of liability of these partners inter se, and after such determination settlement to be made accordingly.

Agreements have the force of law on those entering into the same.

The judgment appealed from does substantial justice between these brothers, is supported by the law, and is affirmed.