No. 13,314.

M. F. DUNN & BRO., IN LIQUIDATION, VS. SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, OF SPRINGFIELD, MASS.

Louis'na
104  31
s109 521

SYLLABUS.

Where, in answer to a suit on a fire policy, it is charged that the claim made against the insurer is in furtherance of a systematic atttempt fraudulently to collect more than is due, and that, to that end, the plaintiffs have attempted, "both before and after the fire, to conceal the origin and prevent the discovery of said fire," testimony tending to show that the connections of an automatic fire alarm, on the premises upon which the fire occurred, were cut, in order to prevent the existence of the fire from becoming known, and to bring home such cutting, or knowledge thereof, to the assured, who are the plaintiffs before the court, should not be excluded on the ground that neither incendiarism, nor a violation of the automatic fire alarm clause in the policy, are specifically charged in the answer.

2. Where this court finds error in the ruling of a trial court excluding testimony upon a particular point, the case may be remanded, in order that testimony upon that point may be received, without re-opening it to further evidence upon other issues.

APPEAL from the Civil District Court, Parish of Orleans.— *King, J.*

*Bernard McCloskey* and *Frank McGloin* for Plaintiffs, Appellees.

*Howe, Spencer & Cocke* (*Farrar, Jonas & Kruttschnitt,* of counsel), for Defendant, Appellant.

## STATEMENT OF THE CASE.

The opinion of the court was delivered by

MONROE, J.  M. F. Dunn & Bro., doing business in New Orleans as stationers, bookbinders and lithographers, insured their stock of merchandise, fixtures, lithographic stones, machinery, etc., valued at $67,300.00, for a total of $50,500.00, pro-rated as follows:

1.—On stock of merchandise (valued at $20,000) ..........$15,007 34
2.—On furniture and fixtures (valued at $2,000) ..........  1,500 70
3.—On lithographic and other presses (valued at $7,500)..  5,624 72
4.—On lithographic stones (valued at $30,000) .......... 22,961 34
5.—On lithographic ink, etc. (valued at $1,000) ..........   750 43
6.—On gas engine (valued at $1,200) ....................   900 32
7.—Machinery, etc., of bindery (valued at $5,000)........ 3,752 15

Total ....................... ..........$67,300 00—$50,500 00

There was an inconsiderable fire upon October 12th, and a more serious one upon October 22nd, 1898, as the result of which, it is claimed that, the property insured was damaged, or destroyed, to the extent of $60,536.56, and that the loss to the insurance companies amounts to $48,465.25; and the defendant company is sued for its *pro rata* of this loss, upon two policies, aggregating $3,500.00

The defendant admits the issuance of the policies sued on and admits that the property insured was somewhat damaged by fire on October 22nd, 1898, but denies that the said property was worth the amount, or was damaged to the extent, claimed by plaintiffs; and the defendant alleges that, the plaintiffs, in their proofs of loss, and otherwise, orally and in writing, have made false and fraudulent statements, under oath, with intent to deceive the insurers and collect an amount in excess of the loss sustained; and that said firm, to that end, has systematically and persistently attempted to cause, increase and inflate the loss suffered by it; has attempted, both before and after the fire, to conceal the origin, and prevent the discovery, of said fire, and to obliterate, and keep from inspection, books, papers, documents, records and facts, necessary and material to prove its actual loss; has made, or caused to be made, false, or fictitious entries in its books, and has claimed, in its proofs of loss, excessive or total loss and damage on property un-

harmed or only slightly injured; has claimed large sums for property admittedly worthless, and has grossly overvalued and over estimated the value of and loss to the property set forth in detail in their schedules and annexed to the proofs of loss, all for the fraudulent purpose aforesaid."

The defendant further alleges that each of the policies sued on contains the following stipulation, to-wit:

"This policy shall be void if the insured has concealed or misrepresented, in writing, or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured be not truly stated herein, or in case of any fraud or false swearing, by the insured, touching any matter relating to this insurance, or the subject thereof, whether before or after such loss." And defendant avers that, "by reason of the premises aforesaid, said policy became, and is, null and void, and the plaintiffs are not entitled to recover anything thereunder."

The judge *a quo* found the total loss, under all policies, to be $46,593.98, and gave judgment against the defendant for its *pro rata* of that amount; and the defendant, having appealed, presents the following reasons why the judgment so rendered should be reversed, to-wit:

"1. That the lower court erred in rejecting the testimony offered by the defendant to prove that the plaintiff had attempted before and after the fire to conceal the origin and prevent the discovery of the fire and to prove the allegations of fraud set forth in the eighth paragraph of its answer.

"2. That the plaintiffs failed to make out a case, in that, and in so far as, they did not show the actual cash value of the property alleged to have been damaged at the time said damage occurred, as required by the policies.

"3. That the evidence shows such conduct on the part of the plaintiffs as to constitute fraud, or attempt at fraud, and false swearing under the policies, and to release the defendant from liability.

"4. That, in any event, the judgment rendered is grossly excessive, and not supported by the weight of the evidence."

(Opinion—See next page.)

## OPINION.

Under the averments of the answer, charging the plaintiffs with fraud and false swearing, with intent to deceive the insurers and to collect an amount in excess of the loss, and the averment "that said firm, to that end, has attempted, both before and after the fire, to conceal the origin, and prevent the discovery of said fire—", the defendant offered testimony for the purpose of proving that the automatic fire alarm, established in plaintiffs' store, was cut off, upon the evening of the night upon which the fire occurred, in order to prevent the discovery of any fire which might take place in said building, the defendant's counsel further stating that they would endeavor to fasten such cutting off upon some one connected with the plaintiff firm. This testimony seems to have been objected to on the ground of irrelevancy and was finally excluded by the court *a qua* for reasons which were stated as follows, to-wit:

"By the Court.—This same question was raised in this case before, and the court ruled thereon. Since then the court has carefully studied the question, and has come to the conclusion that the defendant in this case cannot set up the defence, under its pleadings, or cannot offer evidence as to the defence, under its pleadings, that it now seeks to offer. There is no allegation in the answer charging a violation of the clause that the defendant shall keep an automatic alarm in that establishment. There is no allegation in the answer charging in any way upon the defendant, specifically, that he was instrumental in setting fire to that building, as a principal, or had others to do it. There are two parties before the court—the plaintiff and the insurance company. And when the insurance company seeks to escape liability upon a policy of insurance, the court is of opinion that it should set forth its defences specifically, so as to place the plaintiff upon his guard, as to what manner (of defence) he has to meet. An examination of the answer in this case satisfies the court that the plaintiff was not placed upon his guard, and no charge of incendiarism is made, and is not specifically pleaded. A general allegation of fraud and an attempt to conceal the origin of the fire and prevent its discovery is not sufficient for the defendant to introduce evidence leading up to a violation of the policy, by virtue of clauses which are made to protect an insu-

rance company from the assured setting fire to a building. For these reasons, the objections are sustained."

We are unable to concur in this ruling. The defendant, in its answer, charges the plaintiffs with a persistent and systematic attempt to perpetrate a fraud for the purposes of the claim made by them under the contracts of insurance sued on, and makes the specific charge that the plaintiff firm "attempted, both before and after the fire, to conceal the origin, and prevent the discovery of said fire," etc. The testimony which was objected to was offered for the purpose of showing that, in order to prevent the discovery of any fire which might take place in plaintiffs' store, the automatic fire alarm, established in said store, was cut off, either by plaintiffs, or by some one acting in their behalf. The conduct thus charged would certainly amount to a violation by the plaintiffs of the contract under which they seek to recover, and the defendant was under no obligation to characterize it in any other terms than those used. Whether it amounts to incendiarism, or to a violation of the particular clause in the contract in question which relates to the maintenance of an automatic fire alarm, is wholly immaterial. The proof was offered to support the charge as made, and not to make out any technical case of incendiarism, or to show that the plaintiffs had specifically violated the automatic fire alarm clause of the contract, and, being in strict conformity to the charge as made, should have been admitted. The main defence is predicated upon the charge that the plaintiffs have been persistently and systematically attempting to defraud the defendant and other insurance companies, and the effort to conceal the origin, and prevent the discovery of the fire is specified as part of that fraudulent attempt. Under these circumstances, the door should be opened to all proof, reasonably calculated to sustain the charge as made, and the fact that such proof might show conduct amounting to incendiarism, or amounting to a violation of the automatic fire alarm clause in the contract, affords no reason for its exclusion.

In an action of this kind, where fraud is set up as a defence, even in general terms, a wide latitude should be allowed with respect to the admission of proof, and if the plaintiffs claim to be surprised, the trial court may afford relief by granting a continuance. Matthews vs. General Mutual Ins. Co., 9th Ann. 590; Gaidy vs. Lyons, 29th Ann. 4; 14 Amer. & Eng. Enc. of Law, second edition, pp. 195-7.

It is said by the counsel for the plaintiffs that it would not materially affect the result if the particular questions which were objected to were taken for confessed, and that it will therefore be unnecessary, in any event, to remand the case. We apprehend, however, that the matter is not to be dealt with in that way. It is true that the particular questions asked by the counsel for defendant served as the occasions for the objections upon which the judge ruled, but the objections themselves, and the rulings of the court, went much further than the questions, as may be seen from the language used by the judge *a quo,* which has already been quoted, and which was responsive to the statement made by the defendant's counsel, in answer to the objection and request for information of the counsel for plaintiffs, who said: "I object to it as being irrelevant, and wish to know from my friend what line he proposes to open up by that question." The question referred to was: "Now, sir, did you maintain that automatic fire alarm in your store during the time this policy was in existence?" But it was stated by the counsel for the defendant that he proposed to prove that the connections of the fire alarm were cut on the night of the fire, in order to prevent the alarm from going out, and that they proposed, or would endeavor to fasten the cutting upon Mr. Dunn, "or some one connected with it" (meaning, as we understand it, some one connected with the firm of which Mr. Dunn was a member). And it was this "line" to which the objection was really made, and upon which the court *a qua* ruled. If, therefore, anything is to be taken for confessed, it is what the counsel for the defendant proposed to prove and was not permitted to introduce evidence to prove, and not the answer to the particular question, which was merely the occasion and not the real cause of the ruling.

It is further suggested by the learned counsel that even if the court should conclude that the case must be remanded upon the issue of fraud, there is no good reason why the parties should not be held to be concluded by the transcript now before us as to the questions of the extent of the loss, and the values of the property affected, and the case remanded and opened only as to the issue first mentioned.

If, by this suggestion, it is meant that the case, when remanded, shall be considered opened only as to the question which is here reviewed, the suggestion may be considered as adopted. But, if it is also meant that this court shall, in the meanwhile, and without waiting

to ascertain what may be shown by the excluded testimony, proceed to decide the other issues in the case, the suggestion is not adopted. The charge of fraud is made against the whole conduct of the plain- tiffs, in connection with the claim which they are here making, and should, we think, be considered, at one and the same time, in connection with the different acts to which it is said to apply.

It is therefore ordered, adjudged, and decreed, that the judgment appealed from be annulled, avoided, and reversed, and that this cause be now remanded to the court from which the appeal was taken, with instructions to hear such testimony, otherwise admissible, as may be offered upon the question, whether the connection of the automatic fire alarm in the plaintiffs' store was severed on the day of, or within a short time preceding, the fire out of which this suit has arisen, and, if so, whether the plaintiffs were parties to, or cognizant thereof.

It is further ordered, that the costs of the appeal be paid by the plain- tiffs and appellees, and that all other costs await the final determination of the cause.