### IRION *vs.* LOVE ET AL.

**APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.**

In cases of conflicting testimoney, the Supreme Court will place great reliance upon the conclusion of the court of the first instance.

This case turned entirely upon the testimony, which is fully stated in the opinion of the court delivered by

*Porter, J.*

This action is brought to recover from the defendants, the damages sustained by the plaintiff, in consequence of their having engaged to boil his crop of cane in the year 1829, and discharge the duties of sugar makers, on his plantation, that season.

The court below gave judgment against the defendants, for the sum of one thousand nine hundred and twenty dollars: they appealed.

There is only one question of law arising in the case. It relates to the correctness of the opinion of the court, in admitting a witness to be sworn for the defendants, who was objected to as incompetent, on the score of interest. The opinion we have formed on the merits, renders it unnecessary for us to say, whether the court erred.

The testimony on record, proves very fully, the plaintiff's case against the defendant, James Love, who gave his personal superintendance at the sugar house of the plaintiff. A large quantity of cane is shewn to have been lost, either through his ignorance or inattention. The correctness of the judgment, in relation to him, has not, indeed, been much questioned; but it is contended, there is no evidence which establishes, that William Love is at all responsible for the performance of his brother's contract.

Eastern District
*March* 1831.

IRION
*vs.*
JAS. LOVE & AL.

There is evidence to that effect, although it is contradicted, by proof introduced on the part of the defendant.

*Newman* swears, that a short time before the rolling of the cane commenced, William Love came to the house of the plaintiff, early in the morning, and observed to him, " that he should be able, with the assistance of his brother, James Love, to make his sugar *as agreed.* That if his brother was not fully capable of making good sugar, he would attend to it himself, and let his brother James attend to the boiling of Captain Hall's."

The witness further states, that the plaintiff afterwards called on Wm. Love, to come and make the sugar, as his brother did not make it well, and that William Love declined, in consequence of his engagement with Hall.

Another witness, whose name as written on the record, we cannot well ascertain, but which we understand to be *Shike-nont,* swears that William Love told him, he had agreed to make the plaintiff's sugar at five hundred dollars, or furnish as good a sugar maker as himself.

On the part of the defendant, *Hall,* the witness whose testimony was objected to, on the ground of interest, swore, that he told .William Love, in February 1829, that if he would return and make his sugar, he would guarantee to his brother, five hundred dollars for making a crop in the neighborhood : that he sent to the plaintiff, who came and made a verbal agreement to employ James Love. There was no mention of William Love being responsible for the undertaking of his brother ; and he was to have nothing to do with the making of the sugar at the plaintiff's.

In corroboration of this witness, a written instrument, in the following words, and bearing the signature of the plaintff, was introduced: "Be it known, that I have employed James Love, as sugar maker, from this time until the first of January next, for which services, I promise to pay him five hundred dollars.   Oct. 1, 1829."

It is difficult, if not impossible, to reconcile this testimo- ny, not even if we understand that James Love was em- ployed on his brother's recommendation, and that the latter guaranteed his capacity and fidelity. We presume, how- ever, the court below so understood it, when it rendered judgment against both. This view of the case is strength- ened by the reflection, that James Love was a stranger, and that it is extremely improbable, any man of ordinary pru- dence, would engage another, of whose qualifications he was ignorant, for so important a trust, without assurances of his knowledge and integrity ; or a guarantee which supplied the place of a recommendation that could be depended on.

This court has been in the habit, in cases of conflicting tes- timony, to place considerable reliance on the conclusion of the tribunal of the first instance, believing that the nearer the cause is tried to the parties, the greater is the probability of the truth being ascertained. We can see no reason to take this case out of the rule. There is not, by any means, such a pre- ponderence in the proof, as would authorize us to reverse the judgment ; and, we apprehend, justice has been done.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

Eastern District,
<i>March</i> 1831.

IRION
<i>vs.</i>
JAS. LOVE & AL.

In cases of con-
flicting testimony
the supreme court
will place great
reliance on the
conclusion of the
court of the first
instance.