*Eastern Dist.*
*May, 1836.*

SAUNE
*vs.*
TOURNE
AND BECKWITH.

explicit, yet if it appears in substance, that the witnesses appeared before him, swore to and subscribed their answers, &c., it will suffice.

---

## SAUNE *vs.* TOURNE & BECKWITH.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

In a case turning on mere questions of fact, where there were numerous witnesses and the evidence somewhat contradictory, but the court below being of opinion the weight of the testimony was in favor of the plaintiff, his judgment was affirmed.

This is an action against the defendants as part owners and agents of the steam-boat Abeona, claiming the sum of two thousand dollars in damages for carelessly and negligently running down and sinking the plaintiff's schooner, with said boat, on the Mississippi river.

The defendant, in a plea of the general issue, denied every thing alleged in the petition.

The cause was submitted to the parish judge on the evidence, who pronounced the following judgment, which contains all the facts and circumstances material to the case:

"1. That in matters of collision between vessels, it is a well settled principle that an inquiry is to be made, from the

54

EASTERN DIST.
May, 1836.

SAUNE
vs.
TOURNE
AND BECKWITH.

facts in evidence, into the means which the respective vessels engaged in the event, possessed of avoiding the collision.

" 2. That in the present case, it is in evidence that the schooner belonging to the defendant was drifting down the river, without sufficient wind to fill her sails, and that all she could do was to steer a little by means of two sweeps on board, and a skiff towing her ahead.

" 3. That the steam-boat of the defendant having the advantage of a propelling power, her motions could be directed, and her course easily altered.

" 4. That the defence set up by the defendants, that the steam-boat was in that part of the river which is the one usually occupied by boats ascending, and that the schooner was not in her proper place, cannot be countenanced by this court, for the river Mississippi being a public highway, no custom, even better established than the one relied upon, can restrain the use thereof by navigators; but even admitting the fact relied on, and the existence of such a custom or practice, the steam-boat was nevertheless bound to use every exertion to avoid the schooner.

" 5. That from the evidence, the court is satisfied that the injury sustained by the schooner Cultivateur, belonging to the plaintiff, was done by the steam-boat Abeona, belonging to the defendants; and that the collision might have been avoided, had those in charge of the steam-boat Abeona used all the means in their power to prevent it, and that it was not in the power of the plaintiff's schooner to avoid it.

" 6. That it is in evidence, that the repairs necessary to put the schooner Cultivateur in the same situation that she was in before she was sunk by the steam-boat Abeona, were worth *one thousand dollars*; that the plaintiff had to pay *sixty dollars* for a lighter to raise her, and *twenty dollars* to tow her from the English Turn to the city; that in consequence of the sinking of his vessel, the plaintiff lost the freight of eighty-six hogsheads of sugar, at two dollars a hogshead, and of eight bales of cotton, at one dollar a bale, amounting together to *one hundred and eighty dollars*. That he paid eight laborers for eight days' work each, their wages being

worth one dollar and twenty-five cents per day, making
*eighty dollars* ; that he paid *thirty dollars* for the salvage of
his sails ; and finally, that the loss of his time during three
months, say from January 1st to April 1st, valued at twenty-
five dollars a month, that is *seventy-five dollars*, making
together the sum of *fourteen hundred and forty-five dollars ;*
being the losses and damages suffered by plaintiff.'

EASTERN DIST.
*May,* 1836.

SAUNE
*vs.*
TOURNE
AND BECKWITH.

" 7. That the steam-boat Abeona is admitted to be a vessel
carrying merchandise for hire.

" It is, therefore, ordered, adjudged and decreed, that the
plaintiff recover from the defendants *in solido* the sum of
one thousand four hundred and forty-five dollars, and costs
of suit."

*Strawbridge*, for the plaintiff.

*J. Seghers*, for the defendants.

*Martin, J.*, delivered the opinion of the court.

This is an action for damages and remuneration for the
loss and injury sustained by a little schooner, owned and
navigated by the plaintiff, and which was run down and
sunk by the steam-boat Abeona, owned in part by the
defendants, and running on the river Mississippi. The
plaintiff alleges, that it was through the negligence and
carelessness of the master of the steam-boat that the accident
happened, and the injury was done to his vessel.

The case turns entirely on the facts as detailed in the
evidence. As is usual in cases contested like the present,
the witnesses are numerous, and the evidence is somewhat
contradictory. The parish judge who heard the parties, was
of opinion the weight of testimony was decidedly in favor of
the plaintiff, and gave judgment accordingly. We are
unable to say the court of the first instance erred.

In a case, turning on mere questions of fact, where there were numerous witnesses, and the evidence somewhat contradictory, but the court below being of opinion the weight of the testimony was in favor of the plaintiff, his judgment was affirmed.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.