EASTERN DIST.
*April,* 1839.

YOUNG *vs.* WALKER ET AL.

YOUNG
*vs.*
WALKER ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS
PRESIDING.

Where the case presents no question but one of ownership, which turns
upon mere matters of fact, and the evidence is multifarious and contra-
dictory, the judgment of the inferior court will be affirmed.

This is an action to recover a raft of timber, which the
plaintiff alleges the defendant took forcible possession of in
the state of Arkansas, and brought to the city of Lafayette
for sale. He alleges that he is the true owner, and prays
judgment that it be decreed to belong to him, and in the
mean time that it be sequestered.

The defendant, Isaiah Walker, answered separately;
pleaded a general denial, and averred that he was the true
owner, and prays to be restored to, and quieted in his posses-
sion of said raft.

The other defendants disclaimed ownership, and were
made witnesses for the defendant on the trial.

The suit was first instituted in the Parish Court for the
parish of Jefferson.

The testimony is indefinite and contradictory. It appeared,
that the plaintiff got out and procured the timber for the raft,
and that his tools, clothing, and bedding were on the raft
when the defendant took possession of it.

It further appeared, that Young had sold or agreed to sell
this timber to one Hodge, who died about the same time, and
it was taken into possession by one W. Walker, as adminis-
trator of Hodge, who sold it as such, and it was bought by
his brother, the defendant.

George Walker, who testifies to the sale to Hodge, also
swears that Hodge declared he had returned the timber to
Young, when one King wished to buy it of him.

Young endeavored to assert his right in Arkansas, by
arresting and charging the defendant with a criminal offence,
for taking the timber, but was unable, as is said, from local
difficulties, to put the law in force.

EASTERN DIST.
*April,* 1839.

YOUNG
*vs.*
WALKER ET AL.

Upon hearing the whole evidence, and examining many of the witnesses in court, the parish judge was of opinion the plaintiff was entitled to recover. From judgment rendered against him the defendant appealed to the District Court.

On reviewing the evidence of the case, the district judge, after balancing much between the parties, in consequence of the conflicting and indefinite character of the testimony, finally concluded that the plaintiff ought to recover; and from judgment rendered in the plaintiff's favor, the defendant appealed.

*Mc Kinney,* for the plaintiff.

*W. R. B. Wills,* for the defendant and appellant, insisted that the defendant came to this state in the open possession of the raft, and publicly claimed it as his own. It is personal property, and his possession is evidence of title. None but a good and better title could take it from him. The plaintiff has shown none. His witnesses are interested, without credit, and their testimony contradictory.

*Martin, J.,* delivered the opinion of the court.

In this case, which originated in the Parish Court of Jefferson, the plaintiff seeks to recover a raft of timber, alleged to have been forcibly taken from him in the state of Arkansas, by the defendants, who brought it down to the town of Lafayette.

The defendant, Walker, filed a separate answer, denying all the facts alleged, and averring that he was the legal owner of the raft; he claimed damages in reconvention. The other defendants disclaimed any right to the raft. There was judgment for the plaintiff, and the defendant, Walker, appealed to the court of the first district, after an unsuccessful attempt to obtain a new. trial.

The District Court affirmed the judgment of the Parish Court, and the defendant took the second appeal. The case presents no question except that which relates to the ownership of the raft, and turns upon mere matters of fact. The

Where the case presents no question but one of ownership, which turns upon mere matters

EASTERN DIST. appellant had the benefit of the testimony of his co-defend-
*April*, 1839. ants, notwithstanding the opposition and bill of exceptions

AMORY ET AL. which the plaintiff took to the admission of that testimony.
*vs.*
BLACK. The evidence is multifarious, and somewhat contradictory;
of fact, and the and we have risen from a close examination of it with the
evidence is mul-
tifarious and impression, that the district judge correctly concluded, that
contradictory,
the judgment of the judgment of the Parish Court should be sustained.
the inferior
court will be af-
firmed.      It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.