### HOWE *vs.* MANNING'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF JEFFERSON.

The judge can disregard the testimony of witnesses, if he believes they are not telling the truth, and give judgment as if *no* evidence had been adduced.

This is an action against the curator of the estate of John F. Manning, deceased, in which the plaintiff claims the sum of four hundred and thirty dollars, for keeping and taking care of the steam-boat Romeo, belonging to the estate of the deceased, at the special instance and request of the curator. The account is annexed, and states, that he had charge of the boat from the 6th July to the 30th September, 1837, making in all eighty-six days, at five dollars per day.

The testimony of two witnesses (one a pilot of the steamer Baton Rouge) was taken, to show the value of the services. They both stated, that they had seen the boat while in charge of the plaintiff, and that she was leaky and required a pumping and close watching day and night; and that, in rains, she leaked so that it became necessary to overhaul and dry the furniture, &c. The pilot said the services were well worth eight dollars per day, and the other witness stated they were at least worth six dollars.

The judge of probates would not take the statement of the witnesses, but gave judgment allowing three dollars per day, which he said he knew, from his own knowledge, was customary and usual.

The plaintiff appealed.

*M'Carty* and *Vanmatre*, for the plaintiff and appellant.

*M'Kinney, contra.*

EASTERN DIST.
*April,* 1839.

HOWE
*vs.*
MANNING'S EX'R

*Rost, J.*, delivered the opinion of the court.

The plaintiff sues to recover wages at the rate of five dollars per day for services as keeper of a steamer belonging to a succession administered by the defendant.

The defendant does not deny the services, but differs with the plaintiff in relation to their value.

The witnesses examined on the trial stated that the plaintiff's services were worth from six to eight dollars per day; the judge did not believe them, but, knowing that the same services could be obtained from other persons for three dollars per day, gave judgment in favor of the plaintiff at that rate; being dissatisfied, he appealed; and it has been contended for him, in this court, that the judge was bound to allow him five dollars per day, agreeably to the prayer of his petition, because all the witnesses had stated that his services were worth from six to eight dollars.

We have neither the power nor the wish to compel judges to believe the witnesses examined before them in the trial of causes. If, in this instance, the judge knew, of his own knowledge, that the witnesses were not telling the truth, he could not believe them; and the case stood before him as if, no evidence being adduced, he had allowed the plaintiff the usual compensation in such cases, an allowance which he can always make with the consent of the curator.

The reasons which induced the judge of the Probate Court to disregard the testimony of the witnesses, as well as the fact itself that he did disregard it, have great weight with us. We are satisfied that the compensation was ample, and that the plaintiff has no reasonable ground of complaint against the judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.