No. 3144.—Mrs. L. LAFORET, Widow Beatty, *v.* EMILE L. WEBER.

The failure of the sheriff to return a writ of *fieri facias* within the time fixed by law is presumptive proof of his liability for the debt, but this presumption may be overthrown by evidence going to show that he was authorized by the attorney of the seizing creditor to retain the writ in his hands.

In case of a conflict of testimony between two witnesses on opposite sides of the case, the one testifying directly the opposite of the other about a fact, the opinion of the judge *a quo*, who heard both witnesses, is entitled to great weight, and his decision as to the preponderance of the testimony will be followed by the Supreme Court.

APPEAL from the Seventh District Court, parish of West Feliciana. *Miller*, J. *Thomas Butler* and *Collins & Leake*, for plaintiff and appellant. *Wickliffe & Fisher*, for defendant and appellee.

LUDELING, C. J. This action was brought to make the sheriff, Edward Weber, and his sureties liable for not having returned the *fieri facias* within the delay required by law.

The failure of the sheriff to return the writ within the time fixed by law is *prima facie* proof of his liability for the debt, but in this case the sheriff alleged, and offered evidence to establish, a legal excuse—that he acted under the advice and direction of the attorney of the party in whose favor the writ was issued. The sheriff and the attorney alone have testified in this case. The former states positively that the attorney authorized and instructed him to retain the writ in his hands, while the attorney denies it as positively.

The question to be decided being one of fact, the opinion of the judge *a quo*, before whom the witnesses testified, is entitled to great weight. 6 La. 31; 13 La. 412; 3 An. 163; 21 An. 115, 139, 169,.782.

It is therefore ordered that the judgment of the district court be affirmed, with costs of appeal.