## No. 175.

### THOMAS J. MOUTON v. ROBERT OERLEIN.

1. Where plaintiff, of full age, took service as clerk with defendant, without any agreement between them individually as to rate of salary, the plaintiff will not be bound by any understandings, arrived at previous to the employment, between defendant and the father of plaintiff, but without plaintiff's knowledge or sanction.

2. To hold plaintiff bound as ratifying the understanding between defendant and his (plaintiff's) father, it must be shown that proper knowledge of all the facts was brought home to said plaintiff, so as to place him in full possession of all the terms and conditions of the said engagement, and enable him to act intelligently and knowingly with reference to them.

3. The fact that one witness alone swears positively to a fact, and there is no contradiction thereto, does not justify the court, in this case, in ignoring the adverse finding by the lower Judge as to such fact.

4. We cannot compel an inferior Judge either to believe or disbelieve any particular witness.

*Appeal from the Civil District Court, Division D. Rightor, J.*

*Chas. S. Rice* for plaintiff.

*E. H. Farrar* for defendant, appellant.

ROGERS, J.—The plaintiff alleges that he was engaged by the defendant as a clerk, from the first day of November, 1878, to the first day of August, 1879; that his services were well worth the

sum of fifty dollars per month; that he has received $120 on account and claims the balance, $330.

The answer denies generally all liability, alleging that plaintiff was taken into defendant's office at his (plaintiff's) father's request, under an agreement that defendant should pay him what defendant thought plaintiff's services were worth; that plaintiff's services were not worth ten dollars per month; that the amount paid him was received in full satisfaction and discharge and settlement of everything due plaintiff by defendant; that plaintiff was satisfied at the time of the said payment, and for nearly a year afterwards.

The Judge of the District Court found for plaintiff and granted judgment for the amount claimed.

The defendant appealed.

The statement of facts agreed to by counsel as filed, we give at length:

" Plaintiff proved his services to be worth $50 per month to defendant.

"Plaintiff was informed on the street that defendant wished to see him; he thereupon called at defendant's office. Defendant asked him if he was Mr. Mouton's son; he answered 'Yes.' Conversation ensued relative to service which defendant stated he wished plaintiff to perform in his office; the duties were explained and plaintiff set to work. Nothing was said about compensation then or afterwards, while he was in plaintiff's employ; he expected compensation. Two or three days thereafter, plaintiff learned that there had been a conversation between plaintiff's father and defendant, out of which the message on the street grew. Never knew or was told or enquired into the substance of that conversation. Plaintiff admits receiving the sums stated in petition and account. Plaintiff was of age and swore that his father had no authority to make a contract for him. The defendant *testified* that he had taken the plaintiff into his office at the request of his father to teach him the ship-broker's business, and had promised his father to give him whatever he might choose; that from time to time he had given the sums mentioned in the

petition, and had on one occasion ordered the bookkeeper to close the books by crediting plaintiff with a salary of $30 per month. The plaintiff's father was not sworn by either party. Defendant testified that he, the father, had appealed to his friendship not to summon him. There was no witness sworn or other testimony adduced to contradict the above statement."

## I.

It is alleged as error, that having declared on a contract, and the statement of facts showing no contract was entered into between plaintiff and defendant, he could not recover on a *quantum meruit*.

The facts stated show a contract for hire of defendant's services, as a conclusion of law, between the defendant and plaintiff. The terms of an engagement made by a third person, without authority, cannot bind a party, unless the party ratifies such engagement. Such ratification cannot be presumed, unless the facts show that proper knowledge was brought home to the party so that he might be in full possession of the conditions and circumstances of the engagement, and be enabled to act intelligibly and knowingly in relation to them.

The facts stated having established a contract for hire of plaintiff's services, and no agreement was made as to compensation, the Judge did not err in receiving evidence fixing the value of the services contracted for. Bright vs. Metairie Ridge Association, 33 La. An. 62.

## II.

The fact that the testimony of the defendant was not contradicted did not, as a matter of law, warrant the Judge in accepting his statements as proof. We have no authority to compel a Judge to believe or disbelieve a witness. Howe vs. Manning, 13 La. 412; Edwards vs. Cahawba, 14 La. An. 224.

We see no error in the judgment, and it is, therefore, affirmed.