For reasons assigned, the judgment appealed from is affirmed.

MONROE and PROVOSTY, JJ., dissent.

━━━

(36 South. 852.)

No. 14,901.

GIBERT v. RANDAZZO.

(June 6, 1904.)

DIVORCE—EVIDENCE—REVIEW.

1. In an action for divorce, in which the testimony is conflicting, much weight will be given to the decision of the district judge, who saw and heard the witnesses testify, and had the opportunity from personal observation to judge of the credibility of the witnesses.

2. The testimony on which reliance is placed is that of two women, who, from their manner of testifying and their appearance, did not impress the judge of the court a qua.

3. Without this testimony, the defendant has no cause to sustain his reconventional demand.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Mary O. Gibert against Domenico Randazzo, her husband. Judgment for plaintiff, and defendant appeals. Affirmed.

Robert John Maloney, for appellant. Stafford & Lambert, for appellee.

BREAUX, C. J. This is a suit for a divorce.

Plaintiff was married to defendant on the 1st day of June, 1896, and for some time prior to this suit their married relations were strained and strifeful.

Plaintiff, suing for a divorce, sets up the usual allegations of good and dutiful conduct on her part, and avers that her husband has ill-treated her; and she specially complains of asserted public defamation by her husband in the pleadings in a case he brought against her for the custody of their children; that he, as he was unable to prove the charges made in this case, abandoned the suit.

After having complained of the allegations in the suit to which we have just referred, brought by her husband against her, she, in turn, in the suit, charges her husband with having been guilty of acts similar to those he charged her with having committed in said suit, viz., adultery; that he is living with a woman named Florence; that he neglected and refused to furnish her food and raiment; and that he has threatened to take her life.

In his answer to plaintiff's petition, he (the husband) avers that his conduct has always been that of the dutiful husband. He charges that his wife has been guilty of continual acts of adultery—giving dates and the name of the asserted paramour.

We have examined the testimony, and

found that plaintiff's charges are supported by several witnesses, who testified to conduct of defendant in line with the charges brought. It certainly shows that defendant has not always been the proper and dutiful husband he claims to have been. Acts of defendant are testified to by witnesses for plaintiff which preclude the possibility of sustaining his reconventional demand for a divorce.

He, the father of little children—a girl and a boy—was seen carousing and drinking with women of the town, of questionable character, and his name is directly connected with one of the number in such a way as to render it impossible to sustain his demand.

On the other hand, an attempt was made by defendant to besmirch the name of plaintiff. Two witnesses—two women—swore that her conduct had been highly reprehensible.

Our learned Brother of the district court did not believe their testimony. He gave credence to that of a young man charged with being her paramour, whose conduct differed from that witnesses for defendant sought to prove. This young man seems to be a good and industrious man. He is a carpenter, and gives up a part of his hard earnings to the support of his mother and sister, with whom he resides. This young man swears positively that he was not guilty of the improper intimacy charged. He was charged, for instance, with having left the city in company of plaintiff, and to have gone with her to Biloxi. His testimony in this regard has every appearance of truth. He says that he did not accompany her, and his testimony has some corroboration.

At other times he called at plaintiff's home and took meals, which they (plaintiff and her mother) served to boarders who did not lodge in the house.

The testimony of the witnesses, except the two to whom we have already referred, does not give rise to the inference that plaintiff is guilty.

The trial judge saw the witnesses while

112 LA.—34

testifying. He had, from personal observation, the opportunity to judge of the credibility of witnesses. He evidently gave careful attention to the examination and to the witnesses while testifying.

He has given special reasons for not believing one of the witnesses, to which we attach weight.

A suit for divorce is always serious and of importance.

For that reason, place shall be found to publish the reasons for the judgment of the district judge in the margin of our Reports.

For reasons assigned, the judgment of the district court is affirmed.

"Mary O. Gibert v. Domenico Randazzo.

"Reasons for Judgment Orally Delivered by the Court.

"Plaintiff has proved to my satisfaction that defendant, her husband, has been guilty of adultery. The evidence of Marie D———, corroborated to some extent by John M———, is to the point, and leaves no doubt on the subject. The effort of defendant to show an alibi by establishing that at the time specified he was out of the city, engaged in oyster fishing, has not been successful. The witness Hastings, who pretended, in one part of his testimony, that during the months of January, February, and March, 1902, defendant came to New Orleans only once—on Mardi Gras day—did not deny that it was the custom of all oystermen to return to the city about once every fortnight. He assigned no reason why defendant was an exception to the rule, nor did he tell the court why he kept special watch over defendant's conduct. Equally unsuccessful was defendant's attempt to substantiate the countercharge of adultery preferred by him against the plaintiff. Assuming that the witnesses he relied on spoke the truth, the most that their testimony amounted to was that John M——— had free access to plaintiff's residence, and that he was seen coming out of the premises at undue hours of the night, and at different times during the day. Of those witnesses, one was Mrs. D———, a tough-looking person, who appeared to me so besotted by drink as to be unworthy of belief. The other witness, Marie D———, a quondam prostitute, who has sworn to the defendant's adultery, impressed me as being willing to tarnish the reputation of plaintiff simply because she did not believe that a woman whom she numbered among her acquaintances could be better than herself. Besides, as already stated, her evidence, as well as that of Mrs. D———, was purely inferential. They inferred that, because M——— was seen at sundry times coming out of the premises wherein plain-

tiff resided with her parents and an unmarried sister, he must be plaintiff's paramour. M———— indignantly repelled the inference, denied that he visited plaintiff at night, and explained his frequent presence on the premises in the daytime by the fact that he came to partake of a lunch served daily by Mrs. Gibert, plaintiff's mother, to the motoneers and conductors of a certain street railway. For his lunch he always paid, like any other guest. In this he was corroborated by Mrs. Gibert. Not only has her daughter, the plaintiff, continuously resided with her, but she had been eking out a livelihood by taking in washing—a laborious occupation indeed! To believe that, as charged by defendant, his wife has been living in open concubinage with M———— in her parents' home, would be to cast upon the latter an odium unjustified by their conduct as poor, hardworking, honest people.

"The other charge, that plaintiff lived for a whole week at Biloxi in open adultery with the same man, M————, was utterly groundless.

"This is not the first time that defendant has attempted to asperse his wife's good name. In the matter of No. 65,459 of the docket of this court, wherein he sought by habeas corpus to take her from the custody of their minor children, he did not scruple to accuse her of immoral conduct. That that matter has not progressed beyond the filing of the petition is the best evidence of the wantonness of the accusation.

"Let there be judgment for plaintiff, as prayed for, and rejecting the reconventional demand."