LAND, J.
Plaintiff, as tutor of the minor, Simcoe Wallace, sued for $7,500 damages for personal injuries sustained by said minor while working in the box factory of the defendant company. There was judgment for the defendant, and the plaintiff has appealed.
The ease as presented in argument at the bar involves no controverted questions of law.
As throwing light on the case from the standpoint of the plaintiff when the suit was filed, the allegations of the petition are important. In brief, the case presented in the petition is as follows:
The minor, Simcoe Wallace, of the age of 13 years, was in January, 1907, employed by the defendant as a helper boy to work in its box factory at sundry light jobs, such as sweeping, carrying off boxes, etc.
On January 24, 1907, the said minor was ordered by the foreman to go to work at the planing table, and that the said minor was inexperienced in any kind of machinery or skilled labor, that the said foreman gave him no instructions how to work so as to avoid being injured, and failed to warn him that said machine was dangerous.
Said planing table should have been, but was not, fastened to the floor of the building, _ and the servants of the company had negligently permitted a nail to project upward from the surface of the said table.
The said minor had been standing at the machine only a few minutes ‘‘when a board, coming from under the planer, caught on the projecting nail above mentioned, and caused the planing table to turn round; and that, in so turning, said planing table hit said minor and pushed him against certain set screws belonging to the machinery in said room.”
Said set screws were not cased or boxed or covered in any manner, and that the boy’s clothing was caught therein, and he was violently pulled and hurled against the machinery, and' his leg badly fractured.
After pleading the general issue, the answer admits the employment of the minor and his injury while at work at the planing table in the factory. The answer further avers that said minor was at work shortly before he was hurt at the planing table, off-bearing lumber that had passed through the planing machine; that said minor was working in a perfectly safe place, and had been specially instructed and warned not to go near any part of the machinery; that said minor voluntarily and unnecessarily left the position assigned to him, and placed himself in the dangerous position which caused the injury complained of in the petition.
Simcoe Wallace is a negro boy, about 14 or 15 years of age, and his answers to questions show that he has the ordinary intelligence of his class. He had worked at the planer table, off bearing planks, on another occasion, and admits that in performing this work he stood four or five feet from the end of the table. As a witness on the stand in his own behalf, he stated that he did not know how he got hurt, did not know what he was doing just before the accident, except that he was standing at the planer table, and has no recollection of what occurred beyond (to use his own language) “it hit me so quick it knocked me dead.” The latter statement tends to support the theory of the petition that the table turned round and struck the boy. The witness denied that the foreman had warned him to keep away from the machinery, and throughout his testimony asserted that he was put to work without any instructions as to the dangers to be avoided. He also denied that just a short time before the accident he had gone to the side of the planer table. On redirect examination this witness stated that the table had previously shoved aside, but, if it shoved aside on the morning of the accident, he did not know it. It appears that none of the witnesses were observing the boy at the moment of the accident. Plaintiff’s witness Miller testified that, when last he saw Simcoe, he had one *367 hand, waiving Louis Taylor to stop the planer, and the other hand on tne table trying to shove it. The witness heard the foreman, who was standing about five or six feet from the table “holler,” and understood him to say, “Fix that table,” but the foreman stated that he said, “What is the matter with that table?” In the statement made after the accident Miller confirmed the version of the foreman. This statement was not signed, but Miller testified that it was correct. Miller testified, further, that the table was shoved sideways about a foot or a foot and a half, and that the boy was standing on the side right at the end trying to push the table back in place. Louis Taylor, another witness for the plaintiff, ran the planing machine at the time the boy was injured, but did not see the accident. Taylor testified that the set screw caught the boy’s clothing and wrapped his leg over the running shaft, but that he did not know what could have sent him to the shaft or how he got on it Taylor further testified that at his instance the foreman had previously told the boy to stay away from the machine and stay where he told-him, and that the position assigned to the boy at the end of the table was a safe place.
Marshall Terry, the foreman, testified that he told the boy to keep away from the shaft, and that, if anything broke or got out of order, for him not to try to do anything, but to keep out of the way, and that he had previously warned the boy to keep away from the ripsaw. The same witness further testified that a few seconds before the accident he saw the boy at the side of the table reaching over the belt, and he called him away, and that the boy started back to his proper position, and got hurt in stepping over the shaft.
The testimony of the boy that he was in his proper position and that the table turned and struck him is disproved by all the evidence in the ease. The next contention, that the shoving out of the table tended to thrust the boy closer to the set screw, depends on the position of the boy at the time. If he had been in his proper place behind the table, its side movement would not have affected him in the least, and its forward movement, if it had reached him, would have forced him further from the set screw and shaft. It is only on the theory that the boy was standing by the side of the table, that it can be argued that he could have been affected by its lateral movement. The most that can be extracted from -Miller’s testimony is that the table had already moved and he saw the boy standing by the side next to the end, waving one hand, and trying to shove the table with the other. The distance from the rear end of the table to the shaft beneath was iy2 feet. A boy of his age would probably have filled this space, and the band wheel on the shaft would have been between him and the set screw. This band wheel would have been first encountered by any backward movement, either voluntary or forced. On the other hand, if the boy was standing clear of the band wheel, no sudden backward movement would have brought him in contact with the set screw. The probability is, and such is the testimony of the foreman, that the boy’s clothing was caught while he was stepping over the shaft. It is evident from the testimony of Taylor describing the situation immediately after the accident that the set screw caught the boy’s trousers near the ankle, and bent the limb around the shaft. We do not see how such an accident could have happened unless the boy was at the time endeavoring to step over the shaft. The boy was the only person who knew positively how the accident happened, and his pretended ignorance cannot be regarded in any other light than a suppression of the truth. One of his own witnesses testified that the boy was warned not to go near the machinery. The foreman testified to a double warning of a similar nature; the last having reference to the particular shaft in question. We conclude that the boy was *369 placed in a safe place to perform Ms simple work, was instructed sufficiently as to the surrounding perils, and was injured by 'his own fault. He admits that he knew better than to come in contact with that rapidly revolving shaft.
In cases of this kind, where the evidence is more or less conflicting, the conclusion of the trial judge is entitled to great weight.
Judgment affirmed.