BRUNOT, J.
This is a suit for damages. The petition alleges “negligence, carelessness, want of skill, and malpractice” in the treatment of an injury suffered by plaintiff while in the employ of the Otis Manufacturing Company. Plaintiff was struck oyer the left eye ¡by a brick, and the Otis Manufacturing Company had him taken, to Dr. Bros-nan’s hospital for treatment.
The only question in this case is one of fact.
The testimony shows that plaintiff received a lacerated wound on the forehead, extending through the periotium to the skull, and being approximately two inches long and one quarter of an inch in width. Dr. Brosnan examined, denned, and treated the wound. A trained nurse assisted the doctor, sterilized the instruments used by him, and was present when the doctor painted the wound inside and outside with tincture of iodine. The wound was open to the skull bone, and the interior for the full length of the cut was plainly visible, and neither the doctor nor the nurse discovered any foreign substance therein. The doctor saturated the wound with, antiseptic, stitched it, and dressed it with sterilized gauze,( which was held in place' by the use of adhesive st rips. Thereafter plaintiff visited the hospital at irregular intervals for three or four weeks. He applied for treatment two or three days after the wound was stitched and dressed. On the occasion of this visit Dr. Brosnan was not at the hospital. The nurse put fresh sterilized gauze over the wound and requested the plaintiff to call the following day. Plaintiff did not comply with this request, but three or 'four days later he again applied for treatment. Dr. Brosnan, at this time, partially removed the stitches, drained the wound, and redressed it.
Two or three weeks later the plaintiff consulted another doctor. This doctor removed the stitches, probed the wound, and found some’ foreign substance therein. This foreign substance was about the size of a person’s little finger nail. The doctor did not know what it was, but after he removed it, cleansed, restitched, and dressed the wound the plaintiff experienced no further trouble from it.
The burden is upon the plaintiff to establish by a fair preponderance of the evidence the allegations of his petition charging Dr. Brosnan with “negligence, carelessness, want of skill and malpractice” in the methods he employed and in the manner he treated plaintiff’s wound.
There is conflicting testimony as to the dates, the number of times the wound was dressed, etc., but the outstanding fact which is established beyond dispute, by the testimony of all of the doctors who appeared as witnesses, is that the wound was treated by Dr. Brosnan in the manner most thoroughly approved and followed by the medical profession generally. This testimony is destructive of plaintiff’s contention. Ayala v. King-Ryder Lumber Co., 146 La. 536, 83 South. 799.
Where there is conflicting testimony, the conclusions of the trial judge, who saw and heard the witnesses, are entitled to great weight, and will not be disturbed unless manifestly erroneous, Irion v. Love, 2 La. 261; Saune v. Tourne & Beckwith, 9 La. 425; Young v. Walker, 13 La. 262; Union Bank of Louisiana v. Martin, 4 Rob. 144; McKibben v. The R. R. Cuyler, 20 La. Ann. 25; Campbell v. Clark, 22 La. Ann. 242; Laforet v. Weber, 23 La. Ann. 253; Pittsburg & Southern Coal Co. v. Slack Co., 42 La. Ann. 107, 7 South. 230; Dunn v. Springfield Fire & Marine Co., 109 La. 520, 33 South. 585; Chaffe v. Barataria Canning Co., 113 La. 215, 36 South. 943; Gilbert v. Randazzo, 112 La. 1055, 36 South. 852; McFarlain v. Jennings-Heywood Oil Syndicate, 118 La. 537, 43 South. 155; Hilliard v. Henry Rose Mercantile & Mfg. Co., 120 La. 364, 45 South. 278; Costanza v. Cali, 140 La. 387, 73 South. *6 241; La. Dig. vol. 1, Appeal, XXI, par. 636.
For the reasons assigned the judgment of the lower court is affirmed, at appellant’s cost.